■ In the Matter of CECILIA DERRICK, Respondent, v FRANK J. DERRICK, III, Appellant.—Order, Family Court, New York County (Leah Marks, J.), entered on or about February 10, 1989, which denied respondent's objections to a Hearing Examiner's order denying respondent's petition for downward modification of an order of support and fixing arrears of $33,383, unanimously affirmed, without costs or disbursements.

This appeal involves petitioner wife's petition to enforce, and respondent husband's petition to modify, a Family Court order directing the husband to pay the sum of $138 per week for the support of the wife and the parties' infant daughter. The husband's petition also sought cancellation of arrears.

After a hearing before a Hearing Examiner, an order was entered which continued support in the amount of $138 per week and fixed arrears in the amount of $33,383. The husband, pursuant to Family Court Act § 439 (e), filed written objections to the Hearing Examiner's order, complaining, *inter alia,* that there was no evidence adduced as to the wife's current financial circumstances or the amount of support required for the daughter. Concluding that the wife's finances and the child's needs were not relevant, since she was not seeking upward modification, the Family Court denied the husband's objections. On appeal, the husband urges that the Hearing Examiner's failure to elicit any information with respect to the wife's present income or finances constitutes reversible error.

The Family Court has discretionary power to modify or vacate any prior support order and to cancel arrears, other than child support arrears (subject, of course, to the mandatory provisions of law concerning money judgments). *(Matter of Pavich v Pavich,* 24 AD2d 482, 483; Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 454, at 394 [1983 ed].) However, the court "shall not reduce or annul * * * arrears unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing payment prior to the accrual of the arrears". (Family Ct Act § 451.) The husband's petition alleged no reason for his failure to seek relief prior to the accrual of arrears, and the explanation he offered at the hearing, i.e., that the wife did not "pressure" him about the arrears, does not constitute good cause for the failure to make a prior application. *(See,* Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 460, at 422 [1983 ed].) Moreover, the husband does not challenge the recital in the Hearing Examiner's order that he had not "shown good cause for his failure to make [a prior] application." Absent such a showing, denial of the husband's petition insofar as it sought cancellation of arrears was required. *(See,* Family Ct Act § 451.) Thus, as to the question of arrears, the wife's financial circumstances were irrelevant.

Nor, in the context of this case, was evidence of the wife's financial circumstances required in determining the husband's request for downward modification, which was based only on the allegation that *his* financial circumstances had changed and raised no issue as to the current financial status of the wife. Although the Hearing Examiner afforded him the opportunity to call witnesses, the husband did not seek to examine

the wife or to adduce evidence as to her financial circumstances. The Hearing Examiner found—and the husband does not now dispute—that his financial situation "ha[d] not changed in any significant manner" and had "[i]f anything * * * improved" since the prior support order. Having thus failed to either elicit evidence as to the wife's financial circumstances or sustain his burden of proof as to a change in his financial circumstances, he cannot, subsequent to the Hearing Examiner's determination, change the theory on which he seeks relief by bringing her finances into issue. Concur—Sullivan, J. P., Ross, Kassal, Ellerin and Wallach, JJ.