■ In the Matter of VIRGINIA S., Appellant, v THOMAS S., Respondent. [870 NYS2d 322]—

Orders, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about August 10, 2006 and March 3, 2008, which, to the extent appealed from, respectively reduced respondent's child-support arrears payments to $100 per week, and reconfirmed that downward modification while finding no

willful violation of the 2006 order, unanimously reversed, on the law, without costs, the payment schedule reinstated to $1,500 per month, the violation deemed to be willful, and the matter remanded to determine an appropriate sanction for the violation.

The party seeking modification of a support award bears the burden of proving a substantial change in circumstances (*see Matter of Derrick v Derrick*, 162 AD2d 348 [1990], *lv denied* 76 NY2d 708 [1990]). In a prior order in 2005 (22 AD3d 415 [2005]), we rejected an unattested financial disclosure affidavit and a single pay stub as warranting such a reduction, while noting evidence of respondent's considerable financial resources and earning capacity. At a new hearing on remand, respondent again failed to provide documentation of his income and assets sufficient to justify a modification of his scheduled payments. Although his testimony supported his claim of a substantial change of circumstances, he failed to provide any documentation to substantiate it. His evidence consisted of an unsigned and unattested financial affidavit, and unsigned tax returns from 2004 and 2005. He produced no other tax returns, nor any verification that he was receiving public assistance or any evidence of good faith efforts to obtain employment commensurate with his experience and qualifications (*see Beard v Beard*, 300 AD2d 268 [2002]).

In a related enforcement proceeding in 2007, petitioner alleged, and it was undisputed, that respondent had failed to make any support payments since 2005. The only question that remained was whether this violation was willful.

Failure to pay support as ordered constitutes prima facie evidence of a willful violation (Family Ct Act § 454 [3] [a]). The burden then shifts to the supporting party, who must offer some competent, credible evidence of his inability to make the required payments (*Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]). Only when such evidence is presented does the burden shift back to the recipient to contradict that proof.

At the violation hearing, respondent offered only his own testimony regarding his income and assets, his health status, and his inability to find work. However, he again failed to substantiate his claims with documentation, such as signed tax returns, a completed and attested financial affidavit, or the testimony of his doctors regarding his alleged disabilities. Nor did he provide any documentation about his efforts to obtain employment, such as a resume, job applications, or a job search diary. Notably, respondent even admitted that although he had applied for social security disability, his application was rejected

because he was not deemed to be disabled. He has a potentially high earning capacity as a stockbroker and holder of a commercial driver's license.

Respondent has failed to overcome the prima facie evidence that his violation was willful. That being the case, petitioner was not required to come forward with evidence to contradict respondent's assertions. The appropriate sanction for this willful violation should be determined on remand. Concur—Mazzarelli, J.P., Saxe, Friedman, Acosta and DeGrasse, JJ.