■ BERTA CORDOVA, Respondent, v JUAN ALFREDO CORDOVA, Appellant. (Action No. 1.) BERTA CORDOVA, Respondent, v JUAN ALFREDO CORDOVA et al., Appellants, et al., Defendants. (Action No. 2.) JUAN CORDOVA, Appellant, v BERTA CORDOVA, Respondent. (Action No. 3.) [883 NYS2d 237]—

In three related actions for a divorce and ancillary relief (action No. 1), inter alia, to recover damages for fraud (action No. 2), and to vacate or modify so much of a stipulation of settlement between the former husband, Juan Alfredo Cordova, and the former wife, Berta Cordova, as required the former husband to refinance the marital residence and, upon refinancing, to pay the former wife the sum of $144,679 as her share of the equity in that property (action No. 3), (1) Juan Alfredo Cordova appeals (a), as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Sgroi, J.), dated February 21, 2008, as granted that branch of the motion of Berta Cordova in action No. 2 which was for leave to enter a default judgment against him upon his failure to answer the complaint in that action, (b), as limited by his brief, from so much of a second order of the same court, also dated February 21, 2008, as granted that branch of the motion of Berta Cordova in action No. 3 which was to dismiss that action, and (c) from a judgment of the same court entered March 28, 2008, which, upon an order of the same court (Blydenburgh, J.), dated April 24, 2007, inter alia, in effect, granting those branches of the motion of Berta Cordova in action No. 1 which were to hold him in contempt for his willful failure to comply with the parties' stipulation of settlement and, in effect, for leave to enter judgment in the amount of $144,679, is in favor of Berta Cordova and against him in the principal sum of $144,679 in action No. 1, (2) Juan Alfredo Cordova and Deysi Cordova appeal, as limited by their brief, from so much of an order of the same court (Sgroi, J.), dated May 28, 2008, as denied that branch of the cross motion of Juan Alfredo Cordova, Ana Palma, and Deysi Cordova which was to vacate the defaults of Juan Alfredo Cordova and Deysi Cordova in answering the complaint in action No. 2, (3) Ana Palma appeals from a judgment of the same court entered June 23, 2008, which, upon the order dated May 28, 2008, inter alia, granting that branch of the motion of Berta Cordova in action No. 2 which was for leave to enter a default judgment against her and denying that branch

of the cross motion of Juan Alfredo Cordova, Ana Palma, and Deysi Cordova which was to vacate her default in answering the complaint in that action, is in favor of Berta Cordova in action No. 2 and against her in the principal sum of $144,679, and (4) Deysi Cordova appeals from a judgment of the same court entered July 15, 2008, which, upon the first order dated February 21, 2008, inter alia, granting that branch of the motion of Berta Cordova in action No. 2 which was for leave to enter a default judgment against her, and upon so much of the order dated May 28, 2008, as denied that branch of the cross motion of Juan Alfredo Cordova, Ana Palma, and Deysi Cordova which was to vacate her default in answering the complaint, is in favor of Berta Cordova and against her in the principal sum of $144,679.

Ordered that on the Court's own motion, the notice of appeal of the defendant Juan Alfredo Cordova in action No. 1 from the order dated April 24, 2007, is deemed to be a notice of appeal from the judgment entered March 28, 2008 (see CPLR 5512 [a]); and it is further,

Ordered that the appeal of the defendant Deysi Cordova in action No. 2 from the order dated May 28, 2008, is dismissed; and it is further,

Ordered that the order dated May 28, 2008, is affirmed insofar as appealed from by the defendant Juan Alfredo Cordova in action No. 2; and it is further,

Ordered that the judgments are affirmed; and it is further,

Ordered that the orders dated February 21, 2008, are affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

These related appeals all arise out of the 2006 divorce of Juan Alfredo Cordova (hereinafter the former husband), and Berta Cordova (hereinafter the former wife), and the ownership of their marital premises (hereinafter the property), which was purchased in January 1998. A stipulation of settlement dated September 12, 2006 (hereinafter the stipulation), which was incorporated but not merged into the judgment of divorce entered December 20, 2006, recited that the former husband was the titled owner of the property, that the value of the property was $350,000, that the balance of the mortgage on it was $60,642, and that, immediately upon execution of the stipulation, the former husband would refinance the property and give the former wife the sum of $144,679, comprising half the equity. The former husband did not refinance the property. Instead, by a quitclaim deed dated February 16, 2007, he and his sisters,

Ana Palma (hereinafter Ana) and Deysi Cordova (hereinafter Deysi), transferred the property from the former husband, Ana, and Deysi to Ana and Deysi alone. Thereafter, Ana and Deysi took out a mortgage loan in the sum of $320,000 secured by the property, using the proceeds, in part, to pay off the existing mortgage. The former husband acknowledges that he was never the sole titleholder of the property, but that, from the original purchase of it in 1998 until the quitclaim deed was executed in 2007, he and his sisters had each held a one-third interest in it. He also admits that, as he was only a one-third owner of the property, he knew at the time he signed the stipulation that he could not comply with its provisions requiring him to refinance the property and pay the former wife the sum of $144,679.

Upon the former husband's failure to comply with the stipulation, the former wife moved in the divorce action, inter alia, to hold the former husband in contempt for his willful failure to comply with the stipulation. The Supreme Court, apparently unaware that the former husband had already transferred his interest in the property to Ana and Deysi, granted that motion in an order dated April 24, 2007, to the extent that it appointed the former wife as a receiver to sell the property and granted her leave to enter a money judgment against the former husband in the principal sum of $144,679, to be satisfied out of the proceeds of the sale, if not already satisfied. On March 28, 2008, a money judgment in the principal sum of $144,679 was entered upon that order.

Additionally, in July 2007 the former husband commenced an action to vacate or modify the stipulation on the ground of mutual mistake (hereinafter the reformation action). The essence of the former husband's claim was that the recital in the stipulation that he was the titled owner of the premises was incorrect, as was the assertion that the property had been purchased with marital funds. The former wife moved, inter alia, to dismiss the reformation action pursuant to CPLR 3211. In opposition, the former husband filed an affidavit in which he made contradictory assertions, first acknowledging that at the time he signed the stipulation he knew that he would be unable to comply with it because he owned only a one-third interest in the property, and then denying in general terms that at the time he signed the affidavit he knew he would be unable to fulfill his obligations. In an order dated February 21, 2008, the Supreme Court granted that branch of the former wife's motion which was to dismiss the reformation action, on the ground that the husband was collaterally estopped from contesting the validity of the stipulation by the order made upon the former

wife's contempt motion. The court nevertheless observed that the recital in the stipulation that the former husband was "the titled owner of the premises purchased during the marriage with parties [*sic*] marital funds" was not technically inaccurate because it did not state that the former husband was the "sole owner" of the property. The court did not address the former husband's contention that the recital in the stipulation regarding the source of the funds used to purchase the property was inaccurate.

At about the same time that the former husband commenced the reformation action, the former wife brought an action against, among others, the former husband, Ana, and Deysi, to recover damages for fraud. Neither the former husband, Ana, nor Deysi timely answered the complaint, and, in October 2007, the former wife moved, inter alia, for leave to enter a default judgment against them. In January 2008 the former husband opposed the motion for leave to enter a default judgment, asserting, in essence, that his attorney had been out of the country for a lengthy period of time and had been unable to answer the complaint on his behalf. In a second order dated February 21, 2008, the Supreme Court granted that branch of the former wife's motion which was for leave to enter a default judgment against the former husband and Deysi as to liability, but denied the motion insofar as it was for leave to enter a default judgment against Ana on the ground that the affidavit of service of the summons and complaint did not establish that Ana had been properly served. Subsequently, the former wife provided proof that Ana had indeed been properly served, and the court held that Ana was in default as well. The former husband, Deysi, and Ana moved to vacate their defaults, asserting that their attorney's lengthy absence from the country, as well as the difficulty in communicating with her while she was abroad, constituted a reasonable excuse for their defaults. They also asserted that they had meritorious defenses to the fraud action. Ana also sought a hearing to determine the validity of service of process, asserting in conclusory fashion that she had never been served with the summons and complaint. In an order dated May 28, 2008, the Supreme Court, upon reviewing the history of the proceedings, found that any alleged law office failure was not inadvertent, but amounted to an intentional default. Moreover, the Supreme Court found, based on the contents of their own affidavits, that the former husband, Deysi, and Ana had deliberately and improperly acted to prevent the former wife from obtaining her share of the equity in the property. Consequently, the Supreme Court denied their motion to vacate their defaults.

Judgments were subsequently entered against Ana, on June 23, 2008, and against Deysi, on July 15, 2008. By decision and order on motion dated August 18, 2008, this Court, on its own motion, deemed the notice of appeal by Deysi from the second order dated February 21, 2008, to be a premature notice of appeal from the judgment entered July 15, 2008, and the notice of appeal by Ana from the order dated May 28, 2008, to be a premature notice of appeal from the judgment entered June 23, 2008. Deysi's appeal from the intermediate order dated May 28, 2008, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment entered July 15, 2008 (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). Nevertheless, the issues raised on her appeal from that order are brought up for review and have been considered on the appeal from the judgment entered July 15, 2008 (*see* CPLR 5501 [a] [1]).

Inasmuch as the former husband acknowledged that he knew when he signed the stipulation that material recitals were inaccurate and that he therefore had no intention of complying with his obligations under it, the Supreme Court properly, in effect, granted those branches of the former wife's motion which were to hold him in contempt and, in effect, for leave to enter a money judgment against him, and the Supreme Court properly entered judgment against him in the principal sum of $144,679, the amount he had agreed to pay her for her share of the equity in the property (*cf. Greenspan v Greenspan*, 56 AD3d 524, 524-525 [2008]). A hearing was unnecessary since the former husband's own sworn statements demonstrated his willful failure to comply with the provision of the stipulation requiring him to refinance the property and pay the former wife her share of the equity in it (*see Muller v Muller*, 233 AD2d 486, 487 [1996]).

Moreover, the Supreme Court properly dismissed the complaint in the former husband's reformation action. A stipulation may be vacated on the ground of mutual mistake when "the mistake existed at the time the stipulation was entered into and . . . was so substantial that the stipulation failed to represent a true meeting of the parties' minds" (*Mahon v New York City Health & Hosps. Corp.*, 303 AD2d 725, 725 [2003]; *cf. Burkart v Burkart*, 182 AD2d 798, 798-799 [1992]). Here, the husband's own admissions established that he was not mistaken as to the true state of ownership of the property. To the contrary, when he signed the stipulation, he did so knowing of the discrepancy and intending merely to pay the former wife, at most, the amount he believed to be her share of his portion of

the property, rather than the amount he was expressly agreeing to pay her.

Furthermore, in the fraud action, the Supreme Court providently exercised its discretion in denying that branch of the cross motion of the former husband, Deysi, and Ana which was to vacate their defaults in answering the complaint. To prevail on their motion, they were required to demonstrate both a reasonable excuse for their defaults and meritorious defenses (*see Star Indus., Inc. v Innovative Beverages, Inc.*, 55 AD3d 903, 904 [2008]; *Velasquez v Gallelli*, 44 AD3d 934 [2007]; *Berardo v Berardo*, 205 AD2d 1036 [1994]; *Putney v Pearlman*, 203 AD2d 333 [1994]). The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the court (*see Star Indus., Inc. v Innovative Beverages, Inc.*, 55 AD3d at 905). Here, given the length of time between the defaults and the motion to vacate, and the implausibility of the excuse, the court properly concluded that the excuse provided by the former husband, Deysi, and Ana for their defaults, which was largely in the nature of law office failure, was insufficient (*id.* at 905; *see Heidari v First Advance Funding Corp.*, 55 AD3d 669, 670 [2008]; *Chiarello v Alessandro*, 38 AD3d 823, 824 [2007]). Moreover, Ana's conclusory denial of service was insufficient to require a hearing to determine the validity of service of process (*see Hamlet on Olde Oyster Bay Homeowners Assn., Inc. v Ellner*, 57 AD3d 732, 732-733 [2008]; *Zapata-DeJesus v Zapata*, 50 AD3d 1131 [2008]; *Francis v Francis*, 48 AD3d 512 [2008]).

The appellants' remaining contentions are without merit. Skelos, J.P., Fisher, Leventhal and Lott, JJ., concur.