Matter of Sasha R. v Marcus L. (2021 NY Slip Op 00916)





Matter of Sasha R. v Marcus L.


2021 NY Slip Op 00916


Decided on February 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 11, 2021

Before: Acosta, P.J., Kapnick, Singh, Mendez, JJ. 


Docket No. F-23472-18/19D Appeal No. 13101 Case No. 2020-01751 

[*1]In the Matter of Sasha R., Petitioner-Respondent,
v
Marcus L., Respondent-Appellant.


Andrew J. Baer, New York, for appellant.
Kramer Levin Naftalis & Frankel LLP, New York (Reyhan A. Watson of counsel), for respondent.



Order, Family Court, Bronx County (Phaedra F. Perry, J.), entered on or about January 22, 2020, which, upon a finding that respondent father willfully violated a court order mandating child support payments, committed him to the New York City Department of Correction for a period of six months unless discharged by a purge payment of $7,500, unanimously affirmed, without costs.
The court properly confirmed the Support Magistrate's finding that respondent willfully violated the support order. Failure to pay support, as ordered, constituted prima facie evidence of a willful violation (see Family Ct Act § 454 [3] [a]). The burden then shifted to respondent to present "some competent, credible evidence of his inability to make the required payments" (Matter of Powers v Powers, 86 NY2d 63, 69-70 [1995]). However, he failed to present evidence establishing that he made reasonable efforts to obtain gainful employment when he was unemployed or marginally employed (see Matter of Jennifer D. v Artise C.J., 154 AD3d 578 [1st Dept 2017]). The father also admitted that he did not intend to pay child support (see Cordova v Cordova, 63 AD3d 982 [2d Dept 2009]), and provided no documentary support of his inability to pay such support (Matter of Virginia S. v Thomas S., 58 AD3d 441, 442 [1st Dept 2009]; cf. Matter of John T. v Olethea P., 64 AD3d 484 [1st Dept 2009]). The Support Magistrate, who was in the best position to evaluate his credibility, found that respondent's testimony about his job search was vague about the frequency and locations of his search for work. We find no basis for disturbing the Support Magistrate's credibility determinations (see Matter of Bruce L. v Patricia C., 62 AD3d 566, 567 [1st Dept 2009], lv denied 12 NY3d 715 [2009]).
The court providently exercised its discretion in ordering either six months of incarceration or a purge payment of $7,500 (see Matter of Nancy R. v Anthony B., 121 AD3d 555 [1st Dept 2014]).
We have considered respondent's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2021