Matter of Susan W. v Darren K. (2023 NY Slip Op 00972)

Matter of Susan W. v Darren K.

2023 NY Slip Op 00972

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Webber, J.P., Singh, Moulton, Scarpulla, JJ. 

Docket No. F-994-20/20A, F-994-20/20B Appeal No. 17361-17361A Case No. 2022-02308 

[*1]In the Matter of Susan W., Petitioner-Respondent,
v
Darren K., Respondent-Appellant.

Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Rabin Schumann and Partners LLP, New York (Lindsay R. Pfeffer of counsel), for respondent.

Order, Family Court, New York County (Alma M. Gomez, J.), entered on or about March 30, 2022, which denied respondent father's objections to the findings of fact and order of the same court (Kevin Mahoney, Support Magistrate), entered on or about January 31, 2022, finding that he willfully failed to pay child support arrears and entering a money judgment in the amount of $61,080.50, unanimously modified, on the law and the facts, to the extent of vacating the amount of arrears as to child support for six months from June to December 2021, and the matter remanded for recalculation of the amount of outstanding child support arrears due and owing, and otherwise affirmed, without costs.
In this proceeding concerning child support, the court properly denied respondent's objections to the Support Magistrate's finding that respondent was obligated to reimburse petitioner mother for his 50% share of the add-on expense related to summer camp (see Matter of Minerva R. v Jorge L.A., 59 AD3d 243, 244 [1st Dept 2009]; Matter of Anthony L. v Bernadette R., 193 AD3d 510, 511 [1st Dept 2021]). Although respondent testified that petitioner failed to seek his agreement as required by the support order, the Support Magistrate properly credited petitioner's testimony that she communicated with respondent concerning the expense and he agreed to it.
Although the court did not address the willfulness issue, petitioner demonstrated prima facie that respondent failed to pay child support and arrears pursuant to a child support order (Family Ct Act § 454[3][a]). The burden then shifted to respondent to present "some competent, credible evidence of his inability to make the required payments" (Matter of Powers v Powers, 86 NY2d 63, 69-70 [1995]). Respondent demonstrated a reduction in income after his business had lost clients, that he paid current basic child support for the period of December 2019 through May 3, 2021 and that he borrowed from family members to pay down some of the amounts owed and to meet his needs. However, he also acknowledged outstanding arrears, and the job search record he submitted did not show consistent reasonable efforts to obtain additional employment to otherwise meet his support obligation (see Matter of Sasha R. v Marcus L., 191 AD3d 511, 512 [1st Dept 2021]).
The Support Magistrate included an additional six months of child support in the total amount due, notwithstanding an absence of evidence of nonpayment, and the Family Court's calculation of the total due differed from that of the Support Magistrate. Due to these discrepancies as to the total sum of the remaining arrears due and owing, the matter is remanded for calculation as to the balance remaining, if any.
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 21, 2023