Frederick D. Dugan, J.
This proceeding contemplates separate support orders to the same respondent given by Family Courts in adjoining counties and the interest of the Department of Social Services of each county in those orders.
The petition before the Yates County Family Court alleges that the respondent father is in violation of its order dated May 30, 1975 which directed him, inter alla, to pay $20 per week, allocated $5 to the mother and each of the three children. The mother, Cathy A. Scott, was petitioner in that order.
Some five months later she executed and delivered to the Yates County Department of Social Services and another, an assignment of "all support rights (accrued, pending and con- *888 tinning)” which she has against the respondent for support of the three children.
This assignment pursuant to title IV-D of the Federal Social Security Act (US Code, tit 42, § 651 et seq.) was dated November 17, 1975. A certified copy of that assignment document under the seal of the Yates County Commissioner of Social Services is filed with the petition.
The attorney for the Yates County Department of Social Services appears as counsel to the petitioner in this violation proceeding. The respondent father consents to proceed after a waiver of his right to counsel.
The proof is that respondent now resides in Schuyler County, New York, and has from time to time resided in both Schuyler County and Steuben County, each of which adjoins Yates County. Respondent urges that on his income he is unable to pay both the $20 Yates order and the $15 per week directed by an order of the Schuyler County Family Court given almost a year after the Yates order.
The first hearing in the Yates County Family Court was adjourned. On the subsequent hearing this court has before it as an exhibit an uncertified copy of the purported order of the Schuyler County Family Court dated April 5, 1976 reciting that respondent was in violation of that court’s order of support of August 21, 1975 and directing him to pay $15 per week when he receives "more than $46.00 in income or in U.B.I. benefits in any one given week”. The petitioner therein was the Schuyler County Commissioner of Social Services.
The mother and three children now reside in Yates County and since March 12, 1975 have received benefits from the Yates County Department of Social Services, currently $342.80 per month. It may be that previously she received such benefits from the Schuyler County Department of Social Services when she and the children resided in that county.
In this proceeding, the Yates County Department by its counsel and on the basis of the title IV-D assignment seeks enforcement of the Yates $20 order. Under the provisions of subdivision 6 of section 571 of the Family Court Act, payments under the Yates $20 order are to be remitted by the Probation Department to the Yates County Department of Social Services. It contends that the Schuyler $15 order is in the nature of a recoupment for past support while the Yates order relates to current support and urges the Yates County *889 Family Court to give preference and priority to its order and modify, if not cancel, the Schuyler order accordingly.
The Family Court was created to provide current and future support of wives and children by summary order. It is without jurisdiction to grant the equivalent of a money judgment for past expenditures. (Smith v Smith, 48 Misc 2d 895.) Its order is not a vested right, since the order may be modified or vacated and any or all arrears thereunder canceled. (Family Ct Act, §§ 451, 458.) A Family Court order is not res judicata for these reasons. (Jones v Jones, 51 Misc 2d 610, 614.)
Authorized so to modify, vacate or cancel, upon a proceeding for violation of a support order, the Family Court has a continuing plenary and supervisory jurisdiction over its prior support order and it is error for the court not to take proof on the current income and financial status of the parties or the current status of the children. (Pavich v Pavich, 24 AD2d 482.)
Here we are confronted with two independent support orders. By reason of the respondent’s residence in adjoining Schuyler County, either county was an appropriate venue for the original proceeding in each court after the wife and children removed to Yates County. (Family Ct Act, § 421, subds [a], [b].) The court in each county has continuing jurisdiction over the support proceeding before it until its judgment is completely satisfied. (Family Ct Act, § 451.)
It is speculative that a more zealous respondent or one properly represented by counsel would have advised the Schuyler Court in its August, 1975 proceeding of the prior May, 1975 Yates Court order. Each order may be enforced or modified in either court (Family Ct Act, § 171) upon filing an appropriate petition or by a transfer from the original court (Family Ct Act, §§ 172, 173), neither of which is before the Yates Court in this proceeding. Here the Schuyler order is only an exhibit before this court.
One Judge should not reconsider, disturb or overrule an order in the same action of another Judge of co-ordinate jurisdiction. (Parker v Rogerson, 33 AD2d 284.) The law enunciated by the first Judge is not merely his individual opinion but rather the law to be followed upon similar facts until a different rule is laid down by an appellate court. This rule is essential to the orderly administration of justice in a court composed of several Judges. The practice, if allowed, constitutes a breach of comity which will lead to unseemly conflicts of decision and to protracted litigation. (George W. *890 Collins, Inc. v Olsker-McLain Ind., 22 AD2d 485; Carlos v MVAIC, 22 AD2d 866.)
The first Judge’s decision is the law of the case and binding upon all courts of co-ordinate jurisdiction which "may not arrogate to themselves powers of appellate review”. (Belski v New York Cent. R. R., 38 AD2d 882.) Contemplating the unique characteristics of a support order, a Family Court Judge has only the right, and duty, to modify or vacate a prior order of another Family Court Judge on proof of a material change of circumstances occurring since the prior order was made. (Gino v Gino, 105 NYS2d 333.) And then the order reviewed must be properly within the jurisdiction of the court and Judge.
Here the Schuyler order is not properly before the Yates County Family Court for any modification; this court lacks jurisdiction in the absence of a proper petition or a transfer order from the Schuyler County Family Court on notice to all interested parties. Even then, this court could only consider proof of a change of circumstances and must avoid any semblance of asserting appellate review of the Schuyler order.
The Yates County Department of Social Services’ contention that payments under the Schuyler order constitute a recoupment by the Schuyler County Department of Social Services of past benefits may have merit. (Cf. Matter of Colon, 83 Misc 2d 344.) That issue and the request for modification or cancellation of the Schuyler order and any arrears thereunder should properly be made upon petition to the Schuyler County Family Court which made the initial determination. It might be brought on by the Yates County Department of Social Services or by the respondent upon notice to the interested parties, including the Schuyler County Department of Social Services.
At first blush the residence of the mother and children in Yates County might militate against transferring the enforcement or modification of the Yates order to the Schuyler County Family Court (Family Ct Act, § 174), but a proceeding before that court would satisfy the jurisdiction and venue rules of Family Court (Family Ct Act, §§ 171, 421).
The determination of whether or not to proceed before the Schuyler County Family Court should be made by the Yates County Department of Social Services or the respondent after consideration of the efficiency of having all issues resolved in one proceeding, avoiding multiplicity of suits, collection of payments of support and arrears, future supervision of per *891 formance of the order and other practical factors. In the interest of comity, this court would act upon an application for transfer of its order of May 30, 1975 and subsequent proceedings thereon to the Schuyler County Family Court or promptly respond to that court’s request pursuant to section 173 of the Family Court Act.
What standing would the Yates County Department of Social Services have to file a petition for modification of the Schuyler orders of August 21, 1975 and April 5, 1976 in the Schuyler County Family Court?
While the title IV-D document is replete with the terminology of assignment from the law of contract, it is only a condition precedent to the mother obtaining aid to dependent children benefits. (Social Services Law, § 111-c, subd 2, par a.) The document and the transaction lack those elements of bargained for consideration contemplated by the time honored canons of contract law. The department is required to obtain the document by law and the mother is required to execute and deliver it to receive legally mandated benefits. Neither party can bargain for the beneficial or detrimental promise of the other since the transaction is required by law. Contracts implied by law (which are not contracts at all but obligations imposed by law through the legal fiction of contract) must be distinguished from express or implied in fact agreements. (Miller v Schloss, 218 NY 400, 406.)
But by reason of this "assignment” (see Federal Social Security Act, tit IV, subd [a], par [26] [US Code, tit 42, § 602, subd (a), par (26)]), the Yates County Department of Social Services is authorized to bring proceedings in the Family Court to enforce support rights and represents the interests "of all persons, officials and agencies having an interest in the assignment”. (Family Ct Act, § 571, subds 1, 2, 7; Social Services Law, tit 6-A.)
Respondent’s proof here is that he resides with his parents in Schuyler County or with friends in Steuben County from time to time. When not seasonally employed from June to September or November, he receives unemployment benefits; $46 a week during the winter of 1975-1976 and $61 a week currently.
When last employed he received a net wage of $83 per week. No proof was given by respondent of his living expenses except the rental of a room with a stove and refrigerator for $28.25 per week. After payment of the $15 Schuyler order from *892 his $61 unemployment benefit, he has only $46 for his living expenses; payment of both orders totaling $35 from his net wage of $83 when employed, leaves only $48 for these expenses.
Contemplating the proceedings pending before the Yates County Family Court in regard to violation of the order of May 30, 1975, the court finds that the respondent father has failed to make payments under that order resulting in arrears of $1,230 as of December 3, 1976, and that respondent’s failure to make such payments was not willful by reason of his unemployment and payments made under the Schuyler County Family Court order from his unemployment benefits or net wages from seasonal employment.
The arrears of $1,230 as of December 3, 1976 are reserved and the Yates County Family Court order of May 30, 1975 is continued without further sanction subject to modification or termination upon proper proof, all before a court of competent jurisdiction; the violation petition of July 28, 1976 herein is dismissed, reserving all rights to the respondent and the Yates County Department of Social Services, as title IV-D assignee, to petition a court of competent jurisdiction for appropriate relief.