■ In the Matter of NEW YORK CITY COMMISSIONER OF SOCIAL SERVICES, as Assignee of JACQUELINE HILLS, Respondent, v WILLIE HILLS, Appellant. [612 NYS2d 945] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Greenbaum, J.), dated December 10, 1991, which denied his objections to an order of the same court (Rood, H.E.), dated October 18, 1991, which, after a hearing, denied his motion to vacate an order of the same court, dated February 22, 1991, which granted the mother child support of $190 per week.

Ordered that the order is affirmed, without costs or disbursements.

The mother commenced a proceeding for child support, and, upon the father's default, an inquest was held before a Hearing Examiner. Based on the children's needs *(see,* Family Ct Act § 413 [1] [k]), the Hearing Examiner, *inter alia,* directed the father to pay support of $190 per week, commencing in March 1991. The father moved to vacate the order of support when his employer was served with an income execution order by the Support Collection Unit pursuant to CPLR 5241. Following a hearing on the issue of whether the father had been served with the support petition, the Hearing Examiner determined that the mother met her burden of proof that service of the petition upon the father was valid and rejected the father's contention that the order of support should be vacated pursuant to CPLR 5015 (a) (1). The Family Court denied the

father's written objections and upheld the Hearing Examiner's determination.

We now affirm. The Hearing Examiner's determination that service of the petition was valid should not be disturbed, as it was based on an assessment of the credibility of the witnesses and was supported by a fair interpretation of the evidence *(see, Mantilla v Lewkowitz,* 114 AD2d 493; *Feeney v Booth Mem. Med. Ctr. Hosp.,* 109 AD2d 865).

Furthermore, we conclude that it was not an improvident exercise of discretion to deny the father's motion to vacate the order pursuant to CPLR 5015 (a) (1). Whether an order or judgment should be vacated is a matter of discretion, and an application for such relief may be denied where there is no showing of a reasonable excuse for the default or a meritorious defense *(see, Morel v Clacherty,* 186 AD2d 638; *Larrieux v Larrieux,* 178 AD2d 582; *Wayasamin v Wayasamin,* 167 AD2d 460). As the record supports the court's determination that the father failed to establish a reasonable excuse for his default, the denial of his motion was proper *(see, e.g., Morel v Clacherty, supra; Roseboro v Roseboro,* 131 AD2d 557). Moreover, we note that the father failed to offer sufficient documentation of his income and resources to support his contention that the child support award was excessive or otherwise failed to comply with Family Court Act § 413. Sullivan, J. P., O'Brien, Goldstein and Florio, JJ., concur.