■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of TRACY WILCHER, Appellant, v DENISE McDONALD, Respondent. [666 NYS2d 717] —In a support proceeding pursuant to Family Court Act article 4, the petitioner appeals from an order of the Family Court, Westchester County (Braslow, J.), entered October 4, 1996, which denied its objections to an order of the same court (Herold, H.E.), dated June 27, 1996, which, after an inquest held upon the respondent's default in appearing, set the respondent's child support obligation at $0.

Ordered that the order entered October 4, 1996, is reversed, on the law, without costs or disbursements, the objections are sustained, the order dated June 27, 1996, is vacated, and the matter is remitted to the Family Court, Westchester County, for a new determination of child support consistent herewith.

Since the respondent mother defaulted in appearing, her child support obligation should have been determined pursuant to Family Court Act § 413 (1) (k) (*see, Matter of New York City Commr. of Social Servs. v Hills,* 203 AD2d 574). Although

the respondent mother was receiving public assistance, that fact did not conclusively establish her inability to pay child support (*see, Matter of Ludwig v Reyome,* 195 AD2d 1020; *see also, Matter of Edwards v Johnson,* 233 AD2d 884).

Although a respondent parent must be given the opportunity to rebut the presumption that the application of the child support guidelines results in the correct amount of child support to be awarded (*see,* 42 USC § 667 [b] [2]; *Matter of Rose v Moody,* 83 NY2d 65, *cert denied sub nom. Attorney Gen. of N. Y. v Moody,* 511 US 1084), in this case the respondent never took advantage of that opportunity. Accordingly, upon remittal, "the court shall order child support based upon the needs or standard of living of the child, whichever is greater" (Family Ct Act § 413 [1] [k]). Ritter, J. P., Sullivan, Goldstein and Lerner, JJ., concur.