■ In the Matter of DELORES WRIGHTON, Respondent, v PAUL WRIGHTON, Appellant. [805 NYS2d 101]—

In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Bogacz, J.), dated November 3, 2004, which denied his objections to an order of the Family Court, Kings County (Mayeri, S.M.), dated June 16, 2004, which, after a hearing, denied his motion to vacate an order of the Family Court, Kings County (Mayeri, H.E.), dated September 3, 2002 , which granted the mother's petition to enforce an order of support of the Family Court, Kings County (Mayeri, H.E.), dated August 2, 1999, and awarded her arrears in the sum of $6,813, upon his default in opposing the motion.

Ordered that the order is affirmed, without costs or disbursements.

The father's motion to vacate an order on the basis of excusable default should have been made within one year of service of a copy of the order, with notice of its entry (*see* CPLR 5015 [a]; *Matter of Bykya Minnie E.*, 212 AD2d 365, 366 [1995]). The father made his motion to vacate more than one year after that date and, therefore, his motion to vacate was properly denied as untimely.

In any event, a respondent in a Family Court proceeding seeking to vacate an order entered upon default must establish that there was a reasonable excuse for the default and a meritorious defense (see Matter of Daquan Malik B., 6 AD3d 428, 429 [2004]). The father had a reasonable excuse for his failure to appear in court to defend against the mother's petition to enforce an order of child support dated August 2, 1999, and for a money judgment for child support arrears (hereinafter the supplementary proceeding). However, the Family Court properly determined that the father failed to establish a meritorious defense. Contrary to the father's contention, the Family Court could not reduce or annul child support arrears accrued prior to his submission of an application to modify the order of child support, regardless of whether he had good cause for having failed to seek modification of his child support obligation prior to the accumulation of those arrears (see Family Ct Act § 451; Matter of Dox v Tynon, 90 NY2d 166, 173-174 [1997]; Matter of Jenkins v McKinney, 21 AD3d 558 [2005]; Matter of Barrow v Kirksey, 15 AD3d 801 [2005], lv denied 5 NY3d 701 [2005]; Matter of Commissioner of Social Servs. v Luis Alonso G., 7 AD3d 388, 389 [2004]). Nor is there any merit to the father's argument that his son's derivative Social Security benefits may serve as a credit against his child support obligation (see Matter of Graby v Graby, 87 NY2d 605, 611-612 [1996]; Matter of Commissioner of Social Servs. v Luis Alonso G., supra at 388; Matter of Pinto v Putnam County Support Collection Unit, 295 AD2d 350, 352 [2002]).

In addition, the Family Court, Kings County, had jurisdiction to hear and determine the supplementary proceeding, and venue was proper in Kings County (see Family Ct Act §§ 113, 154 [a], and § 171; Matter of Young v Morse, 92 AD2d 706 [1983]; Matter of Fusco v Roth, 100 Misc 2d 288 [1979]; Matter of Schaus v Scott, 90 Misc 2d 887, 889-890 [1977]).

The father's remaining contentions are without merit. H. Miller, J.P., Luciano, Dillon and Covello, JJ., concur.