■ In the Matter of DANNY J. CONWELL, Appellant, v JENNIFER BOOTH, Respondent. [887 NYS2d 602]—In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Budd, J.), dated September 2, 2008, which denied his objections to two orders of the same court (Fields, S.M.), both dated June 26, 2008, denying his motion pursuant to CPLR 5015 (a) (1) to vacate an order of child support dated February 27, 2006, entered upon his default in appearing, and dismissing his petition to modify his child support obligation, respectively.

Ordered that the order dated September 2, 2008, is affirmed, without costs or disbursements.

The Family Court properly denied the father's objections to the orders of the Support Magistrate. Whether an order or judgment should be vacated pursuant to CPLR 5015 (a) (1) is a matter of discretion, and such relief may be denied where there is no showing of a reasonable excuse for the default or a meritorious defense (*see Matter of Atkin v Atkin,* 55 AD3d 905 [2008]; *Matter of New York City Commr. of Social Servs. v Hills,* 203 AD2d 574, 575 [1994]). Since the father failed to establish a reasonable excuse for his default in appearing, we affirm the denial of his motion to vacate the order of child support entered on his default, without reaching the issue of whether he has a meritorious defense (*see Burnett v Renne,* 32 AD3d 449, 450 [2006]; *Matter of New York City Commr. of Social Servs. v Hills,* 203 AD2d at 575).

Contrary to the father's contention, the evidence in the record was insufficient to establish that he was entitled to a $500 limit on the accrual of total unpaid child support arrears pursuant to Family Court Act § 413 (1) (g) (*see Matter of Telfer v Maher,* 270 AD2d 494 [2000]).

The father's remaining contentions are without merit. Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.