■ YOUNG CHEN, Respondent, v RUIHUA LI, Appellant. [888 NYS2d 412]—In a matrimonial action in which the parties were divorced by judgment dated February 13, 2007, entered upon the defendant's default in appearing, the defendant appeals from an order of the Supreme Court, Queens County (Sampson, J.), entered February 7, 2008, which denied her motion to vacate her default and to set aside the judgment.

Ordered that the order is affirmed, without costs or disbursement.

Although this Court has generally applied a liberal policy in

matrimonial cases with respect to vacating defaults, it is still incumbent on the defendant to demonstrate a reasonable excuse for her default and the existence of a meritorious defense (see *Cuzzo v Cuzzo*, 65 AD3d 1274 [2009]; *Ogazi v Ogazi*, 46 AD3d 646 [2007]; *Atwater v Mace*, 39 AD3d 573, 574 [2007]; *Faltings v Faltings*, 35 AD3d 350 [2006]). "The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the court" (*Cordova v Cordova*, 63 AD3d 982, 988 [2009]; *see Cooper v Cooper*, 55 AD3d 866 [2008]; *Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393, 394 [2004]).

Contrary to the defendant's contentions, the Supreme Court properly determined that the defendant was duly served with process and that she failed to establish a reasonable excuse for her default. Accordingly, we need not determine whether the defendant had a meritorious defense (see *Cooper v Cooper*, 55 AD3d 866 [2008]; *Ogazi v Ogazi*, 46 AD3d 646 [2007]; *Levi v Levi*, 46 AD3d 519, 520 [2007]; *Matter of Lutz v Goldstone*, 31 AD3d 449, 450 [2006]). Dillon, J.P., Florio, Balkin and Leventhal, JJ., concur.