■ TINA MARIE DIAZ, Respondent, v NICOLA A. DIAZ, Appellant. [896 NYS2d 891]—In a matrimonial action in which the parties were divorced by judgment dated November 1, 2004, the defendant appeals from an order of the Supreme Court, Nassau County (Diamond, J.), dated October 30, 2008, which denied his motion pursuant to CPLR 5015 (a) to vacate an order of the same court dated March 8, 2007, inter alia, directing the entry of a money judgment in favor of the plaintiff and against him, entered upon an order dated December 11, 2006, granting the plaintiff's motion, among other things, for an upward modification of child support and a money judgment for child support arrears, upon his default in opposing the plaintiff's motion.

948

Ordered that the order is affirmed, without costs or disbursements.

Although this Court has adopted a liberal policy with respect to vacating defaults in matrimonial actions, it was still incumbent upon the defendant to demonstrate a reasonable excuse for his default in opposing the plaintiff's motion, inter alia, for an upward modification of child support, and the existence of a meritorious defense to that motion (*see Young Chen v Ruihua Li*, 67 AD3d 905, 906 [2009]; *Ogazi v Ogazi*, 46 AD3d 646 [2007]; *Faltings v Faltings*, 35 AD3d 350 [2006]; *Melish v Melish*, 267 AD2d 218 [1999]; *French v French*, 260 AD2d 430, 431 [1999]). The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the Supreme Court (*see Young Chen v Ruihua Li*, 67 AD3d at 906; *Cordova v Cordova*, 63 AD3d 982 [2009]; *Cooper v Cooper*, 55 AD3d 866 [2008]). Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in concluding that he failed to demonstrate the existence of a reasonable excuse for defaulting in opposing the plaintiff's motion after he had been granted numerous adjournments to submit opposition papers and retain new counsel (*see French v French*, 260 AD2d at 431). Since the defendant failed to demonstrate a reasonable excuse for his default, we need not determine whether he had a meritorious defense to the plaintiff's motion (*see Young Chen v Ruihua Li*, 67 AD3d at 905; *Ogazi v Ogazi*, 46 AD3d at 249; *Matter of Lutz v Goldstone*, 31 AD3d 449, 450 [2006]). Skelos, J.P., Dillon, Angiolillo, Eng and Sgroi, JJ., concur.