■ In the Matter of CHRISTINE PROCTOR-SHIELDS, Respondent, v JOHN SHIELDS, Appellant. [904 NYS2d 183]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Genchi, J.), dated June 11, 2009, which denied his objections to an order of the same court (Grier, S.M.), dated March 30, 2009, which denied his motion, inter alia, to vacate an order of the same court dated August 26, 2008, entered upon his default, granting the mother's petition for an award of child support.

Ordered that the order dated June 11, 2009 is affirmed, with costs.

This Court has adopted a liberal policy with respect to vacating defaults entered as to child support "because the state's interest in the marital res and related issues such as child support and custody favors dispositions on the merits" (*Matter of Pinto v Putnam County Support Collection Unit*, 295 AD2d 350, 351 [2002]). Nonetheless, it remains incumbent upon a movant to demonstrate a reasonable excuse for his default in opposing an application and to demonstrate the existence of a potentially meritorious defense to that application (*see* CPLR 5015 [a] [1]; *Diaz v Diaz*, 71 AD3d 947 [2010]; *Matter of Armstrong v Doby*, 69 AD3d 933 [2010]).

The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the Family Court (*see Young Chen v Ruihua Li*, 67 AD3d 905, 906 [2009]). Although the father of the subject children admitted that he was aware of the subject court appearance, he claimed that he failed to appear because he relied upon the assurance of the mother that she would secure an adjournment. The mother denied that she agreed to an adjournment. The Support Magistrate's resolution of this credibility issue is entitled to great deference, and it was not an improvident exercise of the Support Magistrate's discretion to find this excuse unreasonable (*see Matter of Tsarova v Tsarov*, 59 AD3d 632, 633 [2009]). Thus, since the father failed to establish a reasonable excuse for his default, the Family Court providently exercised its discretion in denying the father's objections to the Support Magistrate's order denying his motion to vacate the order of child support entered upon his default (*see Matter of Conwell v Booth*, 66 AD3d 773 [2009]; *Morel v Clacherty*, 186 AD2d 638 [1992]).

Since the father failed to establish a reasonable excuse for his default, we need not reach the issue of whether he presented a potentially meritorious defense (*see Matter of Conwell v Booth*, 66 AD3d 773 [2009]; *Matter of New York City Commr. of Social Servs. v Hills*, 203 AD2d 574, 575 [1994]).

The father's remaining contentions are without merit. Dillon, J.P., Miller, Eng and Chambers, JJ., concur.