■ In the Matter of JOSIE MAY WEINTROB, Respondent, v GARY WEINTROB, Appellant. [916 NYS2d 627]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Freeman, J.), dated December 18, 2009, which denied his objections to so much of an order of the same court (Mayeri, S.M.), dated June 8, 2009, as, after a hearing, denied, as untimely, that branch of his motion which was to vacate an order of the same court dated August 14, 2006, which, upon his default in appearing at a hearing, granted the mother's petition and set his child support obligation at the sum of $2,600 per month.

Ordered that the order dated December 18, 2009, is affirmed, without costs or disbursements.

That branch of the father's motion which was to vacate a child support order dated August 14, 2006, on the basis of excusable default should have been made within one year of service upon him of a copy of the order, with notice of its entry (see CPLR 5015 [a]; Matter of Wrighton v Wrighton, 23 AD3d 669 [2005]; Matter of Bykya Minnie E., 212 AD2d 365, 366 [1995]). A party to a Family Court proceeding seeking to vacate an order entered upon his or her default must establish that there was a reasonable excuse for the default and a potentially meritorious defense (see Matter of Proctor-Shields v Shields, 74 AD3d 1347, 1348 [2010]; Ito v Ito, 73 AD3d 983 [2010]; Diaz v Diaz, 71 AD3d 947 [2010]).

Since the father made his motion to vacate the order dated August 14, 2006, more than one year after the service upon him of a copy of that order, with notice of its entry, that branch of his motion which was to vacate that order was properly denied as untimely. Thus, we need not reach the issues of whether the father proffered a reasonable excuse for his failure to appear in court on August 14, 2006, to defend against the mother's petition for child support, or presented a potentially meritorious defense (see Matter of Proctor-Shields v Shields, 74 AD3d 1347 [2010]; Diaz v Diaz, 71 AD3d 947 [2010]; Matter of Conwell v Booth, 66 AD3d 773 [2009]). Accordingly, the Family Court providently exercised its discretion in denying the father's objections to an order of a Support Magistrate dated June 8, 2009, denying that branch of his motion which was to vacate the child support order dated August 14, 2006, entered upon his default (see Matter of Proctor-Shields v Shields, 74 AD3d at 1348; Diaz v Diaz, 71 AD3d 947 [2010]; Matter of Armstrong v Doby, 69

AD3d 933, 934 [2010]; *Matter of Conwell v Booth,* 66 AD3d 773 [2009]; *Matter of Heinz v Faljean,* 57 AD3d 665, 666 [2008]).

In addition, and contrary to the father's contention, the Family Court had no authority to reduce or annul child support arrears accrued prior to his submission of an application to modify or vacate the order of child support, regardless of whether the father had good cause for having failed to seek modification of his child support obligation prior to the accumulation of those arrears (*see* Family Ct Act § 451; *Matter of Dox v Tynon,* 90 NY2d 166, 173-174 [1997]; *Matter of Moore v Abban,* 72 AD3d 970, 972-973 [2010]; *Matter of Mandelowitz v Bodden,* 68 AD3d 871, 875 [2009]; *Matter of Wrighton v Wrighton,* 23 AD3d at 670). Skelos, J.P., Eng, Hall and Lott, JJ., concur.