■ In the Matter of ANDREA MARTIN, Respondent, v RONALD COOPER, Appellant. (Proceeding No. 1.) In the Matter of RONALD COOPER, Appellant, v ANDREA MARTIN, Respondent. (Proceeding No. 2.) [947 NYS2d 526]—

In related child support proceedings pursuant to Family Court Act article 4, the father appeals (1) from an order of the Family Court, Richmond County (Wolff, J.), dated May 18, 2011, which denied his objections to two orders of the same court (Hickey, S.M.), dated February 24, 2011, and February 25, 2011, respectively, denying, after a hearing, his motion to vacate an order of child support of the same court dated September 13, 2007, made upon his default in appearing, denying his petition for a downward modification of his child support obligation, denying his motion to retroactively cap the amount of the child support arrears due at $500, and determining that he willfully violated the order of child support, and (2) from an order of commitment of the same court dated May 19, 2011, which confirmed the finding of willfulness and directed that he be incarcerated for a term of three months on consecutive weekends, Fridays (7:00 P.M.) until Sunday (7:00 P.M.), or until he pays to the mother or posts the sum of $7,500.

Ordered that the appeal from so much of the order of commitment as directed that the father be incarcerated is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (*see Matter of Larrier v Williams*, 84 AD3d 805, 806 [2011]); and it is further,

Ordered that the order dated May 18, 2011, is affirmed, without costs or disbursements; and it is further,

Ordered that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.

The Family Court's denial of the father's objection to the Support Magistrate's finding of willfulness and her recommendation of a term of incarceration was proper since the Support Magistrate's recommendation had no force and effect until

confirmed by the Family Court Judge (*see* Family Ct Act § 439 [e]; *see also Matter of Dakin v Dakin*, 75 AD3d 639 [2010]). "Such a determination by a support magistrate does not constitute a final order to which a party may file written objections" (*Matter of Dakin v Dakin*, 75 AD3d at 640). Since the May 18, 2011, order did not confirm the willfulness determination, the father's objection was properly denied.

The father's objection to the Support Magistrate's denial of his motion to vacate the order of support entered upon his default was also properly denied. "While this Court prefers to resolve matters concerning child support on the merits, it is still necessary for a party seeking to vacate an order entered upon default to show that there was a reasonable excuse for the default and a potentially meritorious defense" (*Matter of Gustave-Francois v Francois*, 88 AD3d 881, 881 [2011]). Here, the father failed to show that there was a reasonable excuse for his default, and that failure mandated denial of this objection and the underlying motion without the need of reaching the issue of whether the father had a meritorious defense (*see Matter of Proctor-Shields v Shields*, 74 AD3d 1347 [2010]).

The Family Court also properly denied the father's objection to the Support Magistrate's denial of his motion to retroactively cap any child support arrears at $500 pursuant Family Court Act § 413 (1) (g), which states, in relevant part, that "[w]here the non-custodial parent's income is less than or equal to the poverty income guidelines amount for a single person as reported by the federal department of health and human services, unpaid child support arrears in excess of five hundred dollars shall not accrue." "Great deference should be given to the credibility determination of the Support Magistrate, who is in the best position to assess the credibility of the witnesses" (*Matter of Feng Lucy Luo v Yang*, 89 AD3d 946, 947 [2011]). The Support Magistrate found the father's testimony with respect to his income to be "incredible," and the evidence contradicted the father's claim that he fell below the poverty income guidelines.

To the extent that the father challenges the denial of his petition for downward modification, the Support Magistrate properly denied his petition. The father failed to establish that his child support obligation should be reduced pursuant to Family Court Act § 413 (1) (d) or that he was entitled to a downward modification of his support obligation in any respect because, although he asserted that he had lost his job and was receiving public assistance, he did not sufficiently demonstrate that he diligently sought re-employment commensurate with his earn-

ing capacity (*see generally Schwaber v Schwaber*, 91 AD3d 939 [2012]; *Matter of Mera v Rodriguez*, 74 AD3d 974, 974 [2010]; *Matter of Grant v Green*, 293 AD2d 540 [2002]; *cf. Matter of Ceballos v Castillo*, 85 AD3d 1161 [2011]).

Finally, in the order of commitment, the Family Court properly confirmed the Support Magistrate's finding of willfulness. The father's failure to pay child support constituted prima facie evidence of a willful violation (*see* Family Ct Act § 454 [3] [a]). This prima facie showing shifted the burden to the father to come forward with competent, credible evidence that his failure to pay support in accordance with the terms of the order on default was not willful (*see Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]; *see also Matter of Rube v Tornheim*, 67 AD3d 916 [2009]). The father failed to satisfy his burden. Dillon, J.P., Florio, Lott and Sgroi, JJ., concur.