■ In the Matter of ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of MISTY F.-R., Respondent, v GERMEL Y., Appellant. (Proceedings No. 1 and 2.) [957 NYS2d 240]—

The Family Court's denial of the appellant's objections to the Support Magistrate's order was proper. The Support Magistrate appropriately treated the appellant's motions, which did not specify their precise statutory basis, as having been made pursuant to CPLR 5015 (a) (1), inasmuch as they asserted that the appellant "had no prior notice and had a reasonable excuse for his failure to appear and a meritorious defense" to the petition, and sought "an order restoring the matter to the Calendar" (*see* CPLR 5015 [a] [1]; *Electric Ins. Co. v Grajower*, 256 AD2d 833, 833-834 [1998]).

The Support Magistrate properly determined that the appellant's motions to vacate two orders entered upon his default were untimely. The appellant failed to rebut the prima facie proof that the orders entered upon his default were served on him in 2008 (*see Deutsche Bank Natl. Trust Co. v Matos*, 77 AD3d 606, 607 [2010]; *Matter of Rodriguez v Wing*, 251 AD2d 335, 336 [1998]; *cf. Segarra v Evans*, 48 AD3d 543 [2008]), and thus, his motions in 2011 to vacate those orders on the basis of excusable default were properly denied as untimely (*see* CPLR 5015 [a] [1]; *Matter of Weintrob v Weintrob*, 87 AD3d 749, 750 [2011]).

The Support Magistrate also properly determined that the motions should be denied on the merits. A movant seeking to vacate a default pursuant to CPLR 5015 (a) (1) must demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious defense (*see Matter of Martin v Cooper*, 96 AD3d 849, 850 [2012]; *Matter of Proctor-Shields v Shields*, 74 AD3d 1347, 1348 [2010]). Contrary to the appellant's contention, his conclusory and unsubstantiated denial of service of the underlying petition lacked the factual specificity necessary to rebut the prima facie proof of proper service established by the process server's affidavit of service (*see Indymac Fed. Bank FSB v Quattrochi*, 99 AD3d 763 [2012]; *Countrywide Home Loans Servicing, LP v Albert*, 78 AD3d 983, 984, 985 [2010]; *Scarano v Scarano*, 63 AD3d 716 [2009]; *cf. Wells Fargo Bank, NA v Chaplin*, 65 AD3d 588, 589 [2009]; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 344 [2003]). Therefore, he failed to establish a reasonable excuse for his default under CPLR 5015 (a) (1). That failure mandated the denial of the appellant's objections, and the underlying motions to vacate, without the need of reaching the issue of whether appellant had a potentially meritorious defense (*see Matter of Martin v Cooper*, 96 AD3d at 850; *Matter of Proctor-Shields v Shields*, 74 AD3d at 1348). Rivera, J.P., Dillon, Roman and Cohen, JJ., concur.