■ In the Matter of XIAO-LAN MA, Respondent, v ANTHONY VALANCE WASHINGTON, Appellant. [4 NYS3d 916]—Appeal from

an order of the Family Court, Queens County (Dennis Lebwohl, J.), dated June 19, 2014. The order denied the father's motion pursuant to CPLR 5015 (a) (1) and (4) to vacate a prior order of the same court dated October 8, 2013, which, inter alia, granted the mother's petition for custody of the subject child, directed that the father's visitation with the child be supervised, and granted the mother's application for an award of an attorney's fee.

Ordered that the order is affirmed, with costs.

The Family Court properly denied, without a hearing, that branch of the father's motion which was pursuant to CPLR 5015 (a) (4) to vacate a prior order of the same court dated October 8, 2013, which, inter alia, granted the mother's petition for custody of the subject child, for lack of personal jurisdiction. The affidavits of service of the mother's process server constituted prima facie evidence of proper service of the custody petition on the father pursuant to CPLR 308 (4) and 313, which the father failed to rebut (*see Mortgage Elec. Registration Sys., Inc. v Losco*, 125 AD3d 733 [2015]; *Wells Fargo Bank, N.A. v Final Touch Interiors, LLC*, 112 AD3d 813 [2013]).

The Family Court also providently exercised its discretion in denying that branch of the father's motion which was to vacate the prior order pursuant to CPLR 5015 (a) (1). The father had to establish a reasonable excuse for his default in appearing at the custody hearing and a potentially meritorious defense to the custody proceeding (*see Matter of Weintrob v Weintrob*, 87 AD3d 749 [2011]; *Matter of Proctor-Shields v Shields*, 74 AD3d 1347 [2010]). The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the Family Court (*see Young Chen v Ruihua Li*, 67 AD3d 905, 906 [2009]). The record supports the court's determination that the father failed to establish either a reasonable excuse for his default or a potentially meritorious defense. Mastro, J.P., Leventhal, Cohen and Maltese, JJ., concur.