■ In the Matter of JENNIFER COLAGIOIA, Respondent, v NICHOLAS COLAGIOIA, Appellant. [10 NYS3d 618]—

Appeal from an order of the Family Court, Suffolk County (Bernard Cheng, J.), dated May 23, 2014. The order denied the father's objections to so much of an order of that court (Isabel E. Buse, S.M.), dated January 24, 2014, as denied that branch of his motion which was to vacate three orders of that court (Isabel E. Buse, S.M.), all dated November 19, 2012, which, upon his failure to appear at a hearing, respectively (a), in effect, granted the mother's petition to enforce the child support provisions of the parties' judgment of divorce entered May 22, 2006, and directed the entry of a money judgment against him in the sum of $9,709.59 for child support arrears, (b) directed the entry of a money judgment against him in the sum of $341.80 for medical expense arrears, and (c) directed the entry of a money judgment against him in the sum of $4,128.88 for education expense arrears.

Ordered that the order dated May 23, 2014, is affirmed, with costs.

While this Court prefers to resolve matters concerning child support on the merits, it is still necessary for a party seeking to vacate a default pursuant to CPLR 5015 (a) (1) to demonstrate a reasonable excuse for the default, and the existence of a potentially meritorious defense (*see Matter of Martin v Cooper*, 96 AD3d 849, 850 [2012]; *Matter of Gustave-Francois v Francois*, 88 AD3d 881 [2011]; *Matter of Proctor-Shields v Shields*, 74 AD3d 1347 [2010]). The determination of what constitutes a reasonable excuse for the default lies within the sound discretion of the Family Court (*see Matter of Proctor-Shields v Shields*, 74 AD3d at 1348).

Here, the father failed to comply with Family Court summonses directing him to appear in court on September 17, 2012, October 3, 2012, and November 5, 2012. When the father again failed to appear for a hearing on November 19, 2012, the Support Magistrate found him in default, and proceeded to conduct an inquest. At the conclusion of the inquest, the Support Magistrate issued three orders which, inter alia, in effect, granted the mother's petition to enforce the child support provisions of the parties' judgment of divorce entered May 22, 2006, and directed the entry of money judgments for arrears of child support, medical expenses, and education expenses.

Contrary to the father's contention, his claim that he did not open his mail during the fall of 2012 because of health problems and depression did not constitute a reasonable excuse for his failure to appear in court on November 19, 2012. Although the father submitted some evidence that he had surgery on his left elbow on September 14, 2012, and that he was under treatment for depression during the fall of 2012, these submissions did not show that his physical or mental condition prevented him from opening the mail he admittedly received from the Family Court. Under these circumstances, the Family Court properly concluded that the father had failed to demonstrate a reasonable excuse for his default (*see Hasanji v Hasanji*, 121 AD3d 753, 754 [2014]; *Wells Fargo Bank, N.A. v Cean Owens, LLC*, 110 AD3d 872 [2013]; *Dayan v Darche*, 96 AD3d 708, 709 [2012]; *Cuzzo v Cuzzo*, 65 AD3d 1274, 1275 [2009]). In view of the father's failure to demonstrate a reasonable excuse, he was not entitled to be relieved of his default pursuant to CPLR 5015 (a) (1) (*see Matter of Martin v Cooper*, 96 AD3d at 850).

The father's additional contention that his default should have been vacated pursuant to CPLR 317 is without merit. A party seeking to be relieved of a default pursuant to CPLR 317 must demonstrate that he or she did not personally receive notice of the summons in time to defend (*see* CPLR 317; *Unifiller Sys., Inc. v Melita Corp.*, 127 AD3d 961 [2015]; *Capital Source v AKO Med., P.C.*, 110 AD3d 1026, 1027 [2013]). Here, since it is undisputed that the summonses mailed by the Family Court were delivered to the father's home, he failed to demonstrate that he did not personally receive notice of the summonses in time to defend this support proceeding (*see Matter of Stone v Stone*, 218 AD2d 824, 826 [1995]).

Accordingly, the Family Court properly denied the father's objections to so much of the Support Magistrate's order as denied that branch of his motion which was to vacate the three orders dated November 19, 2012. Eng, P.J., Hall, Hinds-Radix and LaSalle, JJ., concur.