In the Matter of BETHANNE SERWATKA, Respondent, v JOSEPH SERWATKA, Appellant. [46 NYS3d 906]—Appeal by the father from an order of the Family Court, Dutchess County (Joan S. Posner, J.), dated March 28, 2016. The order denied his motion to vacate (1) an order of fact-finding and disposition of that court dated September 25, 2015, which granted the petitioner's family offense petition against him, and (2) a related final order of protection against him, also dated September 25, 2015, both of which were entered after inquest upon the father's default in appearing at the fact-finding and dispositional hearings.

Ordered that the order dated March 28, 2016, is affirmed, without costs and disbursements.

A party seeking to vacate an order entered on default must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Matter of Mongitore v Linz*, 95 AD3d 1130 [2012]; *Matter of Territo v Keane*, 55 AD3d 744, 745 [2008]). "The question of whether to relieve a party of an order entered on default is a matter left to the sound discretion of the court" (*Matter of Lee v Morgan*, 67 AD3d 681, 682 [2009] [internal quotation marks omitted]; *see Matter of Atkin v Atkin*, 55 AD3d 905 [2008]; *Matter of Coates v Lee*, 32 AD3d 539 [2006]).

Here, the father failed to demonstrate a reasonable excuse for his default in appearing at the fact-finding and dispositional hearings (*see Matter of Dominique Beyonce R. [Maria Isabel R.]*, 82 AD3d 984, 985 [2011]; *Matter of Nicholas S.*, 46 AD3d 830, 831 [2007]). Since the father failed to demonstrate a reasonable excuse for his default, we need not determine whether he had a potentially meritorious defense (*see Matter of Proctor-Shields v Shields*, 74 AD3d 1347, 1348 [2010]; *Diaz v Diaz*, 71 AD3d 947, 948 [2010]).

The father's remaining contention is not properly before this Court (*see Murray v City of New York*, 43 AD3d 429, 430 [2007];

*McKiernan v McKiernan*, 277 AD2d 433 [2000]). Eng, P.J., Leventhal, Cohen and Duffy, JJ., concur.