Matter of Nwabueze v Okafor (2018 NY Slip Op 07729)





Matter of Nwabueze v Okafor


2018 NY Slip Op 07729


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-08816
 (Docket Nos. V-31751-15, V-31752-15, V-31753-15)

[*1]In the Matter of Ursula-Pearl Uchenna Nwabueze, respondent, 
v
Livinus Obinna Okafor, appellant.


Da'Tekena Barango-Tariah, Brooklyn, NY, for appellant.
Ursula-Pearl Uchenna Nwabueze, Brooklyn, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Javier E. Vargas, J.), dated July 20, 2017. The order denied the father's motion to vacate an order of the same court (Adam Silvera, J.) dated January 12, 2016, which, upon his failure to appear at a hearing, awarded sole legal and physical custody of the parties' children to the mother.
ORDERED that the order dated July 20, 2017, is affirmed, with costs.
The mother filed a petition for sole custody of the parties' three children on or about December 18, 2015. The father was served with the petition on December 31, 2015, in Yorkton, Saskatchewan, Canada. Upon his failure to appear at a hearing, the Family Court issued an order on January 12, 2016, awarding the mother sole legal and physical custody of the children. Thereafter, in June 2017, the father moved to vacate the order entered upon his default. The court denied the father's motion, and the father appeals.
We agree with the Family Court's determination to deny, without a hearing, that branch of the father's motion which was, in effect, pursuant to CPLR 5015(a)(4) to vacate the order dated January 12, 2016, for lack of personal jurisdiction. The affidavit of service of the mother's process server constituted prima facie evidence of proper service of the custody petition on the father, and the father failed to rebut that showing by submitting a sworn denial of receipt of service containing any specific facts to refute the statements in the process server's affidavit (see Matter of Annata M. [Clinton B.], 140 AD3d 959, 960-961; Matter of Xiao-Lan Ma v Washington, 127 AD3d 982).
The Family Court providently exercised its discretion in denying that branch of the father's motion which was pursuant to CPLR 5015(a)(1) to vacate the order dated January 12, 2016. The father was required to establish a reasonable excuse for his default in appearing at the hearing on the custody petition and a potentially meritorious defense to the custody proceeding (see Matter of Strickland v Lewis, 110 AD3d 907, 908; Matter of Johnson v Lee, 89 AD3d 733; Matter of Petulla v Petulla, 85 AD3d 925, 926). The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the Family Court (see Matter of Xiao-Lan Ma v [*2]Washington, 127 AD3d at 983). The record supports the court's determination that the father failed to establish either a reasonable excuse for his default or a potentially meritorious defense (see id.; Matter of Strickland v Lewis, 110 AD3d at 908).
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court