Matter of Block-Iaconetti v Iaconetti (2019 NY Slip Op 07576)





Matter of Block-Iaconetti v Iaconetti


2019 NY Slip Op 07576


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-01218
 (Docket No. F-12592-07)

[*1]In the Matter of Beatrice C. Block-Iaconetti, appellant,
v
Frank Iaconetti, respondent.


Law Offices of Newman & Karnes, Bronx, NY (Michael D. Karnes of counsel), for appellant.
Guttridge & Cambareri, P.C., White Plains, NY (John C. Guttridge, Jo-Ann Cambareri, and Scott Stone of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), dated December 18, 2018. The order denied her objections to an order of the same court (Rosa Cabanillas-Thompson, S.M.), dated October 12, 2018, which denied, after a hearing, her motion to vacate an order of the same court dated April 24, 2006, entered upon her default, granted the father's petition to terminate his child support obligations, and dismissed her enforcement petition.
ORDERED that the order dated December 18, 2018, is modified, on the law, by deleting the provision thereof denying the mother's objection to so much of the order dated October 12, 2018, as dismissed that branch of her enforcement petition which was to enforce the father's obligations under Article XI of the parties' stipulation of settlement as incorporated into the parties' judgment of divorce, and substituting therefor a provision granting that objection and vacating that portion of the order dated October 12, 2018; as so modified, the order dated December 18, 2018, is affirmed, with costs to the mother, and the matter is remitted to the Family Court, Westchester County, for further proceedings in accordance herewith.
The petitioner, Beatrice C. Block-Iaconetti (hereinafter the mother), and the respondent, Frank Iaconetti (hereinafter the father), are the divorced parents of three children, two of whom are twins (hereinafter the children), which twin children are the subject of this appeal. On May 12, 2004, the parties entered into a stipulation of settlement (hereinafter the stipulation), which was incorporated, but not merged into a judgment of divorce. In addition to basic child support, pursuant to Article XI of the stipulation, the father was to pay an equal share of the children's undergraduate educational costs.
In February 2018, upon the children turning 21 years of age, the father ceased making child support payments. In April 2018, the father moved by order to show cause to terminate his child support obligations. The order to show cause was returnable April 25, 2018. The mother did not appear in court on that date. Upon the mother's default, by order dated April 25, 2018 (hereinafter the April 2018 order), the Support Magistrate granted the father's petition to terminate his child support obligations. In May 2018, the mother moved by order to show cause to vacate the [*2]April 2018 order. In July 2018, the father refused to pay undergraduate educational costs for the upcoming school year. The mother then filed a petition seeking to enforce the child support and educational costs provisions of the stipulation. A hearing on the mother's motion and her enforcement petition was conducted on September 24, 2018.
By order dated October 12, 2018, the Support Magistrate denied the mother's motion to vacate the April 2018 order and dismissed the enforcement petition as moot. The mother filed objections to the Support Magistrate's order. By order dated December 18, 2018, the Family Court denied the mother's objections. The mother appeals.
CPLR 317 provides that a party may move to open his or her default if service of the complaint was by other than personal service. However, the movant must move within one year after obtaining knowledge of the entry of the default judgment and submit evidence that (1) he or she did not personally receive notice of the summons in time to defend, and (2) he or she has a meritorious defense (see CPLR 317; American Home Assur. Co. v Choudary, 255 AD2d 346).
A party seeking to vacate an order entered upon default pursuant to CPLR 5015(a)(1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the application (see CPLR 5015[a][1]; Diaz v Diaz, 71 AD3d 947, 948; Matter of Armstrong v Doby, 69 AD3d 933, 934). Although this Court has adopted a liberal policy with respect to vacating defaults entered as to child support "because the state's interest in the marital res and related issues such as child support and custody favors dispositions on the merits" it remains incumbent upon a movant to make the requisite showing (Alam v Alam, 123 AD3d 1066, 1067 [internal quotation marks omitted]; see Diaz v Diaz, 71 AD3d at 948). "A motion to vacate a default is addressed to the sound discretion of the court" (Vujanic v Petrovic, 103 AD3d 791, 792).
Here, we agree with the Family Court's denial of the mother's objections to so much of the October 12, 2018, order as denied her motion to vacate the April 2018 order because the mother failed to establish a reasonable excuse for her default and a meritorious defense to the application (see Centennial El. Indus., Inc. v Ninety-Five Madison Corp., 90 AD3d 689, 690; C & H Import & Export, Inc. v MNA Global, Inc., 79 AD3d 784, 786; Matter of Conwell v Booth, 66 AD3d 773, 773).
"A stipulation of settlement which is incorporated but not merged into a judgment of divorce retains the character of an independent contract and survives as a basis for suit" (Driscoll v Driscoll, 45 AD3d 723, 724; see Salinger v Salinger, 125 AD3d 747, 749). When the terms of such a stipulation are clear and unambiguous, "the general rule is that the intent of the parties is to be found within the four corners of the agreement" (Boster-Burton v Burton, 92 AD3d 909, 910 [internal quotation marks omitted]). "When interpreting a contract, such as a separation agreement, the court should arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (Cleva v Cleva, 139 AD3d 785, 786 [internal quotation marks omitted]). "A court may not write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, nor may it construe the language in such a way as would distort the contract's apparent meaning" (Fleming v Fleming, 137 AD3d 1206, 1207-1208 [internal quotation marks omitted]).
Here, pursuant to Article XI of the stipulation, the parties agreed that they would be equally responsible for each child's undergraduate college educational costs until the completion of such education, provided that the child attended school on a reasonably consistent basis. Thus, the father obligated himself to pay for an equal share of each child's undergraduate educational costs without any limitation based on the child's age, emancipation status, or full-time enrollment (see Matter of Schiano v Hirsch, 22 AD3d 502, 503). It is undisputed that the children matriculated at Westchester Community College in 2018 and attended courses during the fall 2018 semester. Accordingly, the Family Court should have granted the mother's objection to so much of the October 12, 2018, order as dismissed that branch of her enforcement petition which was to enforce Article XI of the stipulation, and we remit the matter to the Family Court, Westchester County, for a [*3]determination on the merits of that branch of her enforcement petition.
The parties remaining contentions are without merit.
AUSTIN, J.P., ROMAN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court