Matter of Pastore v Jameau (2020 NY Slip Op 01350)





Matter of Pastore v Jameau


2020 NY Slip Op 01350


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2019-01274
 (Docket No. F-16352-17/18A)

[*1]In the Matter of Michelle L. Pastore, respondent,
v
Steven Jameau, appellant.


Susan A. DeNatale, Bayport, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Suffolk County (David A. Morris, J.), dated January 3, 2019. The order of commitment, in effect, confirmed an order of the same court (Aletha V. Fields, S.M.) dated August 6, 2018, made after a hearing, finding that the father willfully violated a prior order of child support, and committed him to the custody of the Suffolk County Correctional Facility for a period of six months unless he paid the purge amount of $8,550.64.
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the Suffolk County Correctional Facility for a period of six months is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Stradford v Blake, 141 AD3d 725); and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
The mother, the custodial parent of the parties' child, commenced this proceeding pursuant to Family Court Act article 4, alleging that the father was in willful violation of an order of child support dated January 18, 2018, which directed the father to pay $113 per week in child support and $100 per week for child care. Following a hearing, the Support Magistrate issued an order dated August 6, 2018, finding that the father's failure to comply with the order of child support was willful. In an order of commitment dated January 3, 2019, the Family Court, in effect, confirmed the Support Magistrate's order and committed the father to the custody of the Suffolk County Correctional Facility for a period of six months unless he paid the purge amount of $8,550.64. The father appeals from the order of commitment.
Although the appeal from so much of the order of commitment as committed the father to the custody of the Suffolk County Correctional Facility for a period of six months must be dismissed as academic, the appeal from so much of the order of commitment as, in effect, confirmed the Support Magistrate's finding that the father was in willful violation of the order of child support is not academic in light of the enduring consequences which could flow from the finding that he willfully violated that order (see Matter of Brewster v Davidson, 173 AD3d 1176, 1177).
The father's failure to pay child support constituted prima facie evidence of a willful violation of the order of child support (see Family Ct Act § 454[3][a]; Matter of Martin v Cooper, [*2]96 AD3d 849, 851). This prima facie showing shifted the burden to the father to come forward with competent, credible evidence that his failure to pay child support in accordance with the terms of the order of child support was not willful (see Matter of Powers v Powers, 86 NY2d 63, 69). The father failed to satisfy his burden. Thus, we agree with the Family Court's determination, in effect, to confirm the Support Magistrate's finding that the father willfully violated the order of child support (see Matter of Bea v Winslow, 162 AD3d 763, 764-765).
DILLON, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court