Matter of McCall v Gonzalez (2022 NY Slip Op 04551)

Matter of McCall v Gonzalez

2022 NY Slip Op 04551

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2021-08300
 (Docket No. O-31139-17)

[*1]In the Matter of Tina McCall, respondent,
v
Angel Gonzalez, appellant.

Larry S. Bachner, New York, NY, for appellant.
Deana Balahtsis, New York, NY, for respondent.

DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, Angel Gonzalez appeals from an order of the Family Court, Kings County (Ilana Gruebel, J.), dated October 13, 2021. The order denied his motion pursuant to CPLR 5015(a)(1) to vacate (1) so much of an order of the same court dated May 19, 2021, as found that he committed the family offenses of aggravated harassment in the second degree, harassment in the second degree, and menacing in the third degree, and (2) an order of protection of the same court dated May 19, 2021, both of which were entered upon his default in appearing at the fact-finding hearing.
ORDERED that the order dated October 13, 2021, is affirmed, without costs or disbursements.
In November 2017, the petitioner filed a family offense petition against the appellant, the father of one of the petitioner's grandchildren, alleging that the appellant committed certain family offenses. On March 8, 2021, and May 19, 2021, the appellant failed to appear at a fact-finding hearing. On May 19, 2021, the Family Court issued an order finding that the appellant committed the family offenses of aggravated harassment in the second degree, harassment in the second degree, and menacing in the third degree, and issued a final order of protection in favor of the petitioner, among others; both orders were entered upon the appellant's default. Thereafter, the appellant moved pursuant to CPLR 5015(a)(1) to vacate so much of the May 19, 2021 order as found that he committed family offenses, and the order of protection. In an order dated October 13, 2021, the Family Court denied his motion.
"A party seeking to vacate an order entered on default must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action" (Matter of Serwatka v Serwatka, 147 AD3d 1066, 1066; see CPLR 5015[a][1]). "The determination of whether to relieve a party of an order entered upon that party's default is within the sound discretion of the Family Court" (Matter of McKinney v Jones, 151 AD3d 973, 973).
The Family Court providently exercised its discretion in denying the appellant's motion to vacate the orders entered upon his default in appearing at the fact-finding hearing, as he [*2]failed to provide a reasonable excuse for his failure to appear (see Matter of Aiello v Chaffat, 176 AD3d 802; Matter of Tyrone F. v v Mariah O., 165 AD3d 433). Since the appellant did not provide a reasonable excuse for his default, we need not determine whether he had a potentially meritorious defense (see Matter of Aponte v Jagnarain, 205 AD3d 800).
The appellant's remaining contentions are either not properly before this Court on this appeal from the order denying the appellant's motion to vacate the orders entered upon his default (see Matter or Abella v Szileszky, 177 AD3d 729) or without merit.
IANNACCI, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court