Matter of Clarke v Clarke (2024 NY Slip Op 06336)

Matter of Clarke v Clarke

2024 NY Slip Op 06336

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2023-12084
 (Docket No. F-6501-20/22A)

[*1]In the Matter of Kester Edward Clarke, appellant,
v
Roshanna Annalisa Clarke, respondent.

The Washington Law Firm, P.C., Brooklyn, NY (Shellon O. Washington of counsel), for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Nisha Menon, J.), dated January 17, 2024. The order denied the father's objections to an order of the same court (Adele Alexis Harris, S.M.) dated November 21, 2023, which denied the father's motion pursuant to CPLR 5015(a)(1) to vacate an order of child support of the same court (Andrea Hecht-Zaki, S.M.) dated July 28, 2022, entered upon his failure to appear or answer the petition.
ORDERED that on the Court's own motion, the notice of appeal from the order dated November 21, 2023, is deemed to be a premature notice of appeal from the order dated January 17, 2024 (see CPLR 5520[c]); and it is further,
ORDERED that the order dated January 17, 2024, is affirmed, without costs or disbursements.
The parties are the parents of one child in common. In March 2020, the mother filed a petition seeking child support for the parties' child. In an order dated July 28, 2022 (hereinafter the July 2022 order), upon the father's failure to appear or answer the petition, the Family Court granted the mother's petition. The father thereafter moved pursuant to CPLR 5015(a)(1) to vacate the July 2022 order. In an order dated November 21, 2023, the Support Magistrate denied the father's motion. The father filed objections, which were denied by the Family Court in an order dated January 17, 2024. The father appeals. We affirm.
"A party seeking to vacate a default [pursuant to CPLR 5015(a)(1)] must establish a reasonable excuse for the default and a potentially meritorious defense" (Matter of Mondelus v Emile, 183 AD3d 743, 744 [internal quotation marks omitted]; see CPLR 5015[a][1]; Matter of Weintrob v Weintrob, 87 AD3d 749, 750). "The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the Family Court" (Matter of Proctor-Shields v Shields, 74 AD3d 1347, 1348; see Diaz v Diaz, 71 AD3d 947, 948).
Here, the father failed to establish a reasonable excuse for his failure to appear or answer the petition (see Matter of Castellotti v Castellotti, 165 AD3d 926, 927; Diaz v Diaz, 71 AD3d at 948). The Family Court noted that there was no basis to disturb the Support Magistrate's [*2]finding that the father's contention that his former attorney failed to communicate the court dates to him was insufficient to constitute a reasonable excuse, as a different attorney than the attorney identified by the father had represented the father in this proceeding. The Family Court also noted that multiple notices to appear had been mailed to the father.
As the father did not establish a reasonable excuse for his default, we need not reach the issue of whether he presented a potentially meritorious defense (see Matter of Proctor-Shields v Shields, 74 AD3d at 1348).
The father's remaining contention is without merit.
DUFFY, J.P., CHRISTOPHER, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court