■ NORMA C. BUSTAMANTE, Appellant, v EDUARDO C. BUSTAMANTE, Respondent.—In a matrimonial action in which the parties were divorced by judgment dated June 30, 1987, the plaintiff wife appeals from an order of the Supreme Court, Queens County (Ambrosio, J.), dated July 27, 1987, which denied her motion to vacate the divorce judgment.

Ordered that the order is modified, as a matter of discretion, by deleting the provisions thereof which denied those branches of her motion which were to vacate the second and third decretal paragraphs of the judgment, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, with costs to the appellant.

The judgment dated June 30, 1987, which granted a divorce in favor of the husband and which directed the wife to pay him the sum of $80,000, was based upon a procedural default by the wife which, under the circumstances of this case, we consider to have been excusable (see, CPLR 5015 [a] [1]). This judgment came about as the result of the husband's motion to dismiss the wife's complaint. This motion was based on allegations that the wife had failed to retain an attorney in compliance with a prior court order. Yet the husband's attorney did not deny that she knew that the wife *had* in fact retained an attorney, that she knew the identity of that attorney, that she had in fact negotiated with him, and that she nevertheless failed to serve a notice of the husband's motion to dismiss on his office. By order dated June 8, 1987, the Supreme Court, Queens County (Ambrosio, J.), granted the husband's motion to the extent that the wife was directed to make a motion to place the matter on the Contested Calendar by July 1, 1987; otherwise, the matter was to be placed on the Uncontested Calendar. The wife's attorney asserted that he did not learn of the existence of the June 8, 1987 order until after the July 1, 1987 deadline had arrived. This assertion is uncontradicted. By the time that the wife's attorney learned of the June 8, 1987 order, the judgment of divorce had already been signed.

The denial of the wife's subsequent motion to vacate the judgment of divorce, to the extent that the judgment resolved, or failed to resolve, issues of property distribution and maintenance, constituted an improvident exercise of discretion. In general, a party who establishes a meritorious cause of action or a meritorious defense should be relieved of the consequences of an excusable procedural default (CPLR 5015 [a] [1]). This rule has been applied in matrimonial actions with particular liberality (see, e.g., *D'Alleva v D'Alleva,* 127 AD2d 732, 734). The wife's failure to obey the order of June 8, 1987 was not willful (cf., *Formichella v Formichella,* 134 AD2d 481, 482, *lv dismissed* 71 NY2d 862; *Candeloro v Candeloro,* 133 AD2d 731), but instead resulted from her attorney's excusable neglect. Nor does it appear that the husband would be prejudiced in any way by permitting the economic aspects of this case to be litigated on the merits.

We therefore conclude that the provisions of the judgment of divorce dated June 30, 1987, which relate to economic matters, should be vacated. Since the wife offered no proof of any defense to the husband's counterclaim for a dissolution of the marriage, the court properly declined to vacate so much of the judgment as dissolved the parties' marriage (cf., Diachuk v Diachuk, 117 AD2d 985, 986; Biamonte v Biamonte, 57 AD2d 1052, 1053). Bracken, J. P., Lawrence, Weinstein and Balletta, JJ., concur.