■ In the Matter of MICHAEL ECKER, Respondent, v DEBO-RAH ECKER, Appellant.—In a proceeding by the father for a downward modification of child support, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Queens County (Torres, J.), dated September 25, 1989, as denied her objections to an order of the same court (Waltrous, H.E.), dated July 18, 1989, denying her motion to vacate her default in appearing at a hearing on her cross petition, *inter alia,* for an upward modification of child support, and dismissing the cross petition.

Ordered that the order dated September 25, 1989, is reversed insofar as appealed from, as a matter of his discretion, with costs, the appellant's objections are sustained, so much of the order dated July 18, 1989, as denied the appellant's motion to vacate her default and dismissed the cross petition are vacated, the motion to vacate her default is granted, and the matter is remitted to the Family Court, Queens County, for further proceedings on the cross petition.

Upon the failure of the mother and her attorney to appear on a hearing date, the Hearing Examiner scheduled an inquest on the father's petition for a downward modification of child support and dismissed the mother's cross petition for an upward modification of child support and for arrears of child support. Prior to the date of the inquest, the mother moved to vacate her default and to restore the matter to the calendar. We find that the denial of her motion constituted an improvident exercise of discretion *(see, Matter of Cohen v Seletsky,* 142 AD2d 111). The record reveals that the mother's failure to appear for the hearing was not willful but was due to her attorney's mistake as to the correct adjournment date, and that the father would not have been prejudiced by permitting litigation of the merits of the cross petition with his petition. As this proceeding involves the issue of child support, the law favors resolution of the dispute on the merits *(see generally, Matter of Tauber v Tauber,* 152 AD2d 674; *Otto v Otto,* 150 AD2d 57; *Bustamante v Bustamante,* 144 AD2d 418). Bracken, J. P., Harwood, O'Brien and Ritter, JJ., concur.