■ In the Matter of KATHLEEN A. S., Appellant, v DONALD L., Respondent. [613 NYS2d 47] —In a paternity proceeding, the petitioner appeals (1) from an order of the Family Court, Rockland County (Warren, J.), dated July 24, 1992, which granted the respondent's motion to dismiss the petition upon her default in opposition to the motion (2) from an order of the same court, dated August 25, 1992, which denied her motion to vacate her default.

Ordered, that the appeal from the order dated July 24, 1992, is dismissed, since no appeal lies from an order entered upon the default of the appealing party; and it is further,

Ordered that the order dated August 25, 1992, is reversed, on the law and as a matter of discretion, without costs or disbursements, the petitioner's motion to vacate her default is granted, and the respondent's motion to dismiss the petition is denied on the merits; and it is further,

Ordered that the order dated July 24, 1992, is amended accordingly.

A review of the record reveals that the petitioner demonstrated both a reasonable excuse for having failed to timely oppose the respondent's motion to dismiss her petition and that the petition presented a meritorious claim. In view of these facts and the absence of prejudice to the respondent, the relative shortness of the delay, the fact that the petitioner's default was due to the respondent's own misrepresentation concerning the return date of the motion, and the public policy in favor of resolving cases on the merits, we find that the Family Court improvidently exercised its discretion in denying the petitioner's motion to vacate her default (see, Bustamante v Bustamante, 144 AD2d 418; Matter of Pingpank, 134 AD2d 263; Warshaw v Carlis Realty Corp., 111 AD2d 919).

On the merits, we find that the respondent's motion to dismiss the petition should have been denied. The respondent contended, in effect, that the petitioner should be estopped from raising her paternity claim because she had allowed too much time to pass before doing so. On the contrary, laches cannot bar a paternity proceeding commenced within the statutory period of limitations *(see, Matter of Cortland County Dept. of Social Servs. v Thomas ZZ.,* 141 AD2d 119). Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.