■ In the Matter of JANE FIERRO et al., Respondents, v DONALD FIERRO, Appellant. [621 NYS2d 630] —In a proceeding pursuant to Family Court Act article 4 for maintenance and child support, the father appeals from (1) an order of the Family Court, Suffolk County (McNulty, J.), dated November 21, 1991, which denied his objections to an order of the same court (Silverman, H.E.), entered May 31, 1991, which denied his motion to vacate an order of the same court (Silverman, H.E.), entered March 12, 1990, upon his default in appearing at a hearing, (2) an order of the same court (Freundlich, J.), dated January 31, 1992 which found him in willful violation of

his obligations and committed him to the Suffolk County Jail for a period of 90 days, and (3) an order of the same court, dated June 15, 1992, which denied his objections to an order of the same court, dated November 8, 1991, which denied his motion for downward modification of his maintenance and child support obligations.

Ordered that the orders are affirmed, with one bill of costs to the Suffolk County Department of Social Services.

The instant case arises from an award of child support entered after an inquest, upon the appellant's default in appearing at the hearing. The appellant alleges he became sick immediately prior to the commencement of a support hearing in February 1990 and asked his wife's attorney to inform the court that he went home ill. Instead, his wife's attorney only informed the court that he was present, but had left. Thus, the wife was the sole witness at the inquest, and, based upon her testimony, the Hearing Examiner, in an order entered March 12, 1990, awarded child support and maintenance. The appellant sporadically paid only a small fraction of the support ordered by the court.

The appellant further alleges that from the time of the support proceedings until April 1991 he either lacked counsel or that the counsel which represented him did not provide him with effective assistance of counsel. The appellant then engaged his present counsel who moved by order to show cause, dated May 8, 1991, to vacate his default pursuant to CPLR 5015. The motion was denied by Hearing Examiner Silverman in an order entered May 31, 1991, and objections to the Hearing Examiner's order were denied in the order appealed from dated November 21, 1991.

The appellant sought modification of his support obligations pursuant to Family Court Act § 415. Hearing Examiner Silverman ordered a combined hearing on the issues of downward modification and whether the appellant had willfully violated the support order. The combined hearing was held on October 28, 1991, and November 6, 1991.

On two occasions, the Suffolk County Department of Social Services sought to have the appellant found in willful contempt for failure to make payments. The court found on both occasions that the appellant's virtual complete disregard of the court order and the absence of support payments established that he willfully violated the court's order. On October 22, 1990, and once again on January 31, 1992, the court sentenced the appellant to 90-day terms of incarceration for

contempt. On each occasion, the Judge offered the appellant the option of paying a lump sum to be applied to his support obligation in lieu of his incarceration.

The appellant served the entire term of the the first commitment which ran from October 1990 through January 1991. During his second term of 90 days, the appellant applied for relief, and this Court, by decision and order on motion dated February 21, 1992, stayed the enforcement of his sentence on the condition that he make regular support payments of $100 a week.

We find that the court here did not improvidently exercise its discretion by denying the father's motion to vacate his default pursuant to CPLR 5015. It is well settled that whether to relieve a party of an order entered on default is a matter left to the sound discretion of the court (see, M.D. & Son Contr. v American Props., 179 AD2d 519; Silveri v Laufer, 179 AD2d 633). The party seeking to vacate a default must establish both that there is a reasonable excuse for the default and that there exists a meritorious defense (see, Schiavetta v McKeon, 190 AD2d 724; Dowling Textile Mfg. Co. v Land, 179 AD2d 621; Larrieux v Larrieux, 178 AD2d 582). Denial of a motion is proper where a party fails to show a reasonable excuse, even though the party may have a meritorious defense (see, e.g., Roseboro v Roseboro, 131 AD2d 557). Even assuming the defendant has presented a reasonable excuse for his default, we find that the defendant failed to present a sufficiently credible defense to justify vacating or modifying his obligation.

Additionally, the appellant claims that the court erred by finding a willful violation of the support order and committing him to a term of incarceration. Whether a default is willful is shown by proof that the defaulting party has the ability to pay but did not do so. The mere fact that payment was not made, by itself, does not establish willfulness (Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C237:7, at 518-519). The standard which must be met in order to establish a willful failure to comply with an order of support is "clear and convincing evidence" (see, Matter of Schmerer v McElroy, 105 AD2d 840). The ownership of real estate itself can provide prima facie proof of a person's ability to pay (Matter of Grasso v Saidel, 150 AD2d 916, 918). The appellant in this case transferred commercial real estate interests to his brother and real property in the Adirondacks to his father. Those questionable

transfers provide prima facie evidence that he had real property interests and had the ability to pay his obligations.

We further find that the court did not err by failing to suspend the father's support obligations while he was incarcerated. Family Court Act § 455 (4) provides in pertinent part: "Notwithstanding any inconsistent provision of this article, the provision of any order issued under this article requiring the payment of money by one spouse for the support of the other shall be suspended and inoperative so far as punishment for contempt is concerned during the period in which the defaulting spouse is imprisoned pursuant to any order adjudging him or her in contempt for failure to comply with any provision in such order". The Court of Appeals has held that when determining whether to suspend the accrual of support payments during a period of incarceration, the court may consider whether a supporting parent's claimed financial difficulties are the result of that parent's intentional conduct *(see, Matter of Knights v Knights,* 71 NY2d 865, 866-867, citing *Matter of Doscher v Doscher,* 54 NY2d 655, *affg* 80 AD2d 945). Where, as here, the parent is imprisoned for civil contempt for failure to pay support, such payments should continue to accrue during the term of imprisonment *(see, Foster v Foster,* 99 AD2d 284), However, the appellant cannot be punished for contempt for failing to make payments accruing while he is incarcerated *(see,* Family Ct Act § 455 [4]).

We have reviewed the respondent's remaining claims and find that they are without merit. Copertino, J. P., Pizzuto, Altman and Hart, JJ., concur.