■ In the Matter of GAIL DiFEDE, Respondent, v ANTHONY DiFEDE, Appellant. [675 NYS2d 306] —In a proceeding pursuant to Family Court Act article 4, Anthony DiFede appeals from an order of the Family Court, Suffolk County (Fierro, J.), dated August 11, 1997, which denied his objections to an order of the same court (Rodriguez, H.E.), dated May 6, 1997, denying his motion to vacate a prior order of the same court (Rodriguez, H.E.), entered August 27, 1996, upon his default in appearing at a hearing.

Ordered that the order is affirmed, with costs.

The Family Court providently exercised its discretion in denying the appellant's motion to vacate his default (*see, Matter of Fierro v Fierro,* 211 AD2d 676). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.

■ In the Matter of ANTHONY GALIOTO, Petitioner, v PEARLE APPELMAN et al., Respondents. [675 NYS2d 307] —Proceeding pursuant to CPLR article 78 to prohibit the respondents from prosecuting Queens County Indictment No. 677/97 charging the petitioner with the crime of offering a false instrument for filing in the first degree.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *see, Matter of Rush v Mordue,* 68 NY2d 348, 352). The petitioner here has failed to demonstrate a clear right to the relief sought (*see,* Executive Law § 63 [3]; *Matter of Landau v Hynes,* 49 NY2d 128). Bracken, J. P., Thompson, Sullivan and Pizzuto, JJ., concur.