■ In the Matter of DARIA MICHELE GABRIEL, Respondent, v JOKULO MABUSHA COOPER, Appellant. [810 NYS2d 222]—In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Silber, J.), dated February 10, 2005, which denied his objections to two orders of the same court (Fasone, S.M.), both dated September 29, 2004, (1) denying his motion to vacate an order

of support of the same court dated August 7, 2003, made upon his default in appearing, and (2) denying his petition for a downward modification of his child support obligation, respectively.

Ordered that the order dated February 10, 2005 is reversed, on the law and as an exercise of discretion, without costs or disbursements, the objections are sustained, the orders dated September 29, 2004 are vacated, the father's motion to vacate his default is granted, the order of support dated August 7, 2003 is vacated, and the matter is remitted to the Family Court, Kings County, for a hearing and a new determination as to child support; and it is further,

Ordered that pending the new determination, the appellant shall pay bi-weekly child support in the sum of $50 pursuant to the temporary order of support dated April 21, 2003.

As noted by the Family Court, orders entered upon default are disfavored in child support cases (*see Matter of Pinto v Putnam County Support Collection Unit,* 295 AD2d 350 [2002]; *Adams v Adams,* 255 AD2d 535, 536 [1998]). Under the circumstances of this case, the father established a reasonable excuse for his default in appearing in the Family Court at 11:15 A.M. on August 7, 2003 when the case was called. Further, the documentary evidence of the father's income of approximately $3,000 per year established a meritorious defense.

At the hearing upon remittitur, the question of whether the father has any undisclosed income and the question of imputation of income should be explored and a new determination as to child support reached based upon the father's actual and imputed income, if any. Florio, J.P., Ritter, Goldstein and Covello, JJ., concur.