■ In the Matter of RICK ENRICO DELLAGATTA, Appellant, v BELINDA McGILLICUDDY, Respondent. [819 NYS2d 69]—

In a child support proceeding pursuant to Family Court Act

article 4, the father appeals from an order of the Family Court, Nassau County (Marks, J.), dated March 29, 2005, which, inter alia, denied his objection to an order of the same court (Cahn, S.M.) dated January 5, 2005 denying his motion, in effect, to vacate his default in failing to appear for a hearing on the petition.

Ordered that the order is reversed, on the facts, with costs, the objection is sustained, the order dated January 5, 2005 is vacated, the motion is granted, and the matter is remitted to the Family Court, Nassau County, for further proceedings on the petition.

By order dated December 14, 2004, the Support Magistrate, inter alia, dismissed the father's petition for downward modification of his child support obligation for failure to prosecute based on his failure to appear for the hearing on the petition, scheduled for that date. In an order dated January 5, 2005 the Support Magistrate denied the petitioner's motion, in effect, to vacate his default. By order dated March 29, 2005 the Family Court, inter alia, denied the petitioner's objection to the Support Magistrate's order. We reverse.

It is undisputed that the petitioner's attorney was led to believe that the matter would be adjourned when the Family Court dismissed the petition based on the petitioner's failure to appear on December 14, 2004. "A party seeking to vacate a default must establish a reasonable excuse for the default and a meritorious case" (*Matter of Butterworth v Sperber*, 6 AD3d 530 [2004]; *see* CPLR 5015 [a] [1]; *Matter of Oliphant v Oliphant*, 21 AD3d 376, 376 [2005]). The question of "whether to relieve a party of an order entered on default is a matter left to the sound discretion of the court" (*Matter of Fierro v Fierro*, 211 AD2d 676, 678 [1995]).

Under the circumstances presented, the petitioner established a reasonable excuse for his default based on his attorney's reasonable belief that the matter had been adjourned (*see Matter of Cohen v Seletsky*, 142 AD2d 111, 117 [1988]). He also established a meritorious claim as the factual allegations contained in the verified petition, that he had lost his employment, constituted a sufficient affidavit of merit (*see Cohen v Seletsky, supra* at 116-117; CPLR 105 [u]; Family Ct Act § 165). As this proceeding involves the issue of child support, the law favors its resolution on the merits (*see Matter of Ecker v Ecker*, 168 AD2d 618 [1990]).

The parties' remaining contentions either are without merit or need not be considered. Miller, J.P., Goldstein, Spolzino and Dillon, JJ., concur.