In the Matter of HECTOR MORALES, Appellant, v CRYSTAL MARMA, Respondent. [930 NYS2d 629]—

A party seeking to vacate a default must establish a reasonable excuse for the default and a potentially meritorious defense (*see* CPLR 5015 [a] [1]; *Lueders v Boma-Lueders*, 85 AD3d 1130 [2011]; *Matter of Petulla v Petulla*, 85 AD3d 925 [2011]). "The question of 'whether to relieve a party of an order entered on default is a matter left to the sound discretion of the court' " (*Matter of Lee v Morgan*, 67 AD3d 681, 682 [2009], quoting *Matter of Fierro v Fierro*, 211 AD2d 676, 678 [1995]). However, "orders entered upon default are disfavored in child support cases" (*Matter of Gabriel v Cooper*, 26 AD3d 493, 494 [2006]; *see Matter of Dellagatta v McGillicuddy*, 31 AD3d 549, 550 [2006]; *Matter of Patricia J. v Lionel S.*, 203 AD2d 979 [1994]; *cf. Lueders v Boma-Lueders*, 85 AD3d 1130 [2011]).

An order of support dated October 23, 2009, was entered against the father on default when, after having arrived at the courthouse for a hearing on the child support petition at 9:00 A.M., and having been told to return at 2:00 P.M., he was minimally late for the afternoon hearing due to traffic. Significantly, the father's failure to appear was not willful or even indicative of a general attitude of neglect, but, rather, he understood his obligation to appear and made substantial efforts to do so. Under these circumstances, the father demonstrated a reasonable excuse for his default (*see Felsen v Stop & Shop Supermarket Co., LLC*, 83 AD3d 656, 656-657 [2011]; *Reices v Catholic Med. Ctr. of Brooklyn & Queens*, 306 AD2d 394 [2003]; *D'Aniello v T.E.H. Slopes*, 301 AD2d 556, 558 [2003]; *Louis v Louis*, 231 AD2d 612, 613 [1996]). Further, the father demonstrated a potentially meritorious defense through his evidence that he became unemployed one month before the hearing, and was earning a minimal salary at the time he moved to vacate the order of support made upon his default.

In addition, the petitioner followed the proper procedure with respect to service of process upon the respondent, whose address was confidential (*see* Family Ct Act § 154-b [2] [c]).

Accordingly, "considering that public policy favors resolution of cases on the merits" (*M.S. Hi-Tech, Inc. v Thompson*, 23 AD3d 442, 443 [2005]; *see Mann v Mann*, 149 AD2d 669, 671 [1989]), particularly where proceedings involve issues of child support (*see Matter of Dellagatta v McGillicuddy*, 31 AD3d at 550; *Matter of Gabriel v Cooper*, 26 AD3d at 494), the Family Court should have granted the father's objections to the order denying his motion to vacate his default, and we remit the matter to the Family Court, Suffolk County, for a hearing and new determination as to child support. Skelos, J.P., Dickerson, Leventhal and Lott, JJ., concur.