In a child support proceeding pursuant to Family Court article 4, the mother appeals from an order of the Family Court, Kings County (Ambrosio, J.), dated April 4, 2012, which denied her objections to an order of the same court (Castaldi, S.M.), dated November 18, 2011, which denied her motion to vacate an order of the same court (Castaldi, S.M.), dated May 18, 2011, which, upon her default, dismissed her petition to enforce a child support order and granted the father’s cross petition for a credit against his support arrears.
Ordered that the order dated April 4, 2012, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the mother’s objections are granted, the motion to vacate is granted, the orders dated May 18, 2011, and November 18, 2011, are vacated, the petition is reinstated, and the matter is remitted to the Family Court, Kangs County, for further proceedings on the mother’s petition and the father’s cross petition.
A petitioner seeking to vacate a default must establish a reasonable excuse for the default and a potentially meritorious case (see Matter of Weintrob v Weintrob, 87 AD3d 749, 751 [2011]; Matter of Dellagatta v McGillicuddy, 31 AD3d 549, 550 [2006]). The question of whether to relieve a party of an order entered on default is a matter left to the sound discretion of the court. However, orders entered upon default are disfavored in child support cases (see Matter of Morales v Marma, 88 AD3d 722 [2011]).
Here, contrary to the Family Court’s conclusion, the mother provided a reasonable excuse for her failure to appear at a scheduled court proceeding on May 18, 2011 (see id. at 723). Moreover, the mother established a potentially meritorious case, as well as a potentially meritorious defense to the father’s cross petition (see Matter of Weintrob v Weintrob, 87 AD3d at 751). Accordingly, the mother’s objections to the order dated November 18, 2011, which denied her motion to vacate the prior order *773 entered upon her default, should have been granted. Angiolillo, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.