Matter of Makaveyev v Paliy (2018 NY Slip Op 02624)





Matter of Makaveyev v Paliy


2018 NY Slip Op 02624


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-04531
 (Docket No. F-8517-15)

[*1]In the Matter of Galina Makaveyev, respondent,
v
Victor Paliy, appellant.


Nancy Peters, P.C., Roslyn, NY (Thomas Torto of counsel), for appellant.
Victor Mevorah, P.C., Garden City, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Thomas A. Rademaker, J.), dated April 5, 2017. The order denied the father's objections to an order of the same court (Eileen Daly-Sapraicone, S.M.) dated December 28, 2016, which denied his motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated April 14, 2016, granting the mother's petition upon his failure to appear at a hearing.
ORDERED that the order dated April 5, 2017, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the father's objections are granted, the father's motion to vacate the order dated April 14, 2016, is granted, the orders dated December 28, 2016, and April 14, 2016, are vacated, and the matter is remitted to the Family Court, Nassau County, for further proceedings on the mother's petition.
The mother filed a modification petition seeking an increase in child support to help pay for the child's college expenses. After the father failed to appear at a hearing on April 6, 2016, the Support Magistrate issued an order dated April 14, 2016, granting the petition upon the father's default and directing him to pay the sum of $1,333 per month in child support. The father moved to vacate the order dated April 14, 2016, and that motion was denied by the Support Magistrate in an order dated May 18, 2016. The father filed objections, which were denied by the Family Court in an order dated August 11, 2016.
On November 16, 2016, the father filed a second motion to vacate the default and attached an affidavit from his oral surgeon attesting that he had undergone surgery the day before the hearing and was provided with instructions to refrain from normal activities for 24 hours thereafter. In an order dated December 28, 2016, the Support Magistrate denied the father's motion to vacate on the ground that he failed to provide a reasonable excuse for his default in appearing at the hearing. In an order dated April 5, 2017, the Family Court denied the father's objections to the order dated December 28, 2016. The father appeals from the order dated April 5, 2017.
In seeking to vacate his default, the father was required to show that he had a reasonable excuse for his default and that he had a potentially meritorious defense (see Matter of Qwin L.X.P. [Leonard P.], 158 AD3d 698; Matter of Raphanello J.N.L.L. [RaSheem L.], 119 AD3d 580). The question of whether to relieve a party of an order entered on default is a matter left to the sound discretion of the court (see Matter of Peterson v Eagan, 108 AD3d 772). However, orders entered upon default are disfavored in child support cases (see id. at 772; Matter of Morales v Marma, 88 AD3d 722).
Here, contrary to the Family Court's conclusion, the father provided a reasonable excuse for his failure to appear at the scheduled hearing on April 6, 2016 (see Matter of Peterson v Eagan, 108 AD3d 772; Matter of Morales v Marma, 88 AD3d 722). In view of the evidence demonstrating that he underwent a surgical procedure the day before, the relative shortness of the delay, the absence of prejudice to the mother, and the public policy in favor of resolving cases on the merits, we find that the court improvidently exercised its discretion in denying the father's objections (see Matter of Kathleen A.S. v Donald L., 205 AD2d 544). Moreover, the father showed that he had a potentially meritorious defense to the mother's petition (see Matter of Weintrob v Weintrob, 87 AD3d 749, 751). Accordingly, the court should have granted the father's objections to the order dated December 28, 2016.
MASTRO, J.P., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court