Matter of Pecoraro v Ferraro (2019 NY Slip Op 00129)





Matter of Pecoraro v Ferraro


2019 NY Slip Op 00129


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-00951
 (Docket Nos. F-12324-16/16A, F-06341-17/17A)

[*1]In the Matter of Steven Pecoraro, appellant,
v
Frances Ferraro, respondent.


Steven Pecoraro, Croton-on-Hudson, NY, appellant pro se.
Frances Ferraro, Croton-on-Hudson, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Nilda Morales-Horowitz, J.), dated December 4, 2017. The order, insofar as appealed from, denied the father's objections to so much of an order of the same court (Esther F. Furman, S.M.) dated September 5, 2017, as denied his motion pursuant to CPLR 5015(a)(1) to vacate his default in failing to timely appear at a hearing.
ORDERED that the order dated December 4, 2017, is reversed, on the law and in the exercise of discretion, without costs or disbursements, the father's objections to so much of the order dated September 5, 2017, as denied his motion pursuant to CPLR 5015(a)(1) to vacate his default in failing to timely appear at a hearing are granted, the father's motion to vacate his default is granted, and the matter is remitted to the Family Court, Westchester County, for further proceedings on the father's petition.
In September 2016, the father filed a petition seeking a downward modification of his child support obligations. After discovery was conducted, an all-day hearing was scheduled for 9:00 a.m. on June 2, 2017. The father failed to appear at 9:00 a.m., and the Support Magistrate dismissed the father's petition by 9:30 a.m. The father, who had arrived at 9:40 a.m., moved to vacate his default. The father's motion to vacate was denied by the Support Magistrate in an order dated September 5, 2017. The father filed objections, which were denied by the Family Court in an order dated December 4, 2017. The father appeals from the order dated December 4, 2017.
In seeking to vacate his default, the father was required to show that he had a reasonable excuse for his default and that he had a potentially meritorious petition (see Hasanji v Hasanji, 121 AD3d 753, 754; Matter of Peterson v Eagan, 108 AD3d 772, 772). The question of whether to relieve a party of an order entered on default is a matter left to the sound discretion of the court (see Matter of Peterson v Eagan, 108 AD3d 772). However, orders entered upon default are disfavored in child support cases (see Matter of Makaveyev v Paliy, 160 AD3d 862, 863; Matter of Morales v Marma, 88 AD3d 722, 723). Here, the father explained that he had miscalendared the time of the hearing. Although we are sensitive to the Family Court's interest in adhering to its time-specific calendaring process, we find that, in light of the relatively short delay, the proceedings that [*2]had already taken place on the petition, the absence of prejudice to the mother, and the public policy in favor of resolving cases on the merits, the court improvidently exercised its discretion in denying the father's objections (see Matter of Morales v Marma, 88 AD3d at 723). Moreover, the father showed that he had a potentially meritorious petition (see id.; Matter of Weintrob v Weintrob, 87 AD3d 749, 751). Accordingly, the court should have granted the father's objections to so much of the order dated September 5, 2017, as denied his motion pursuant to CPLR 5015(a)(1) to vacate his default in failing to timely appear at the hearing.
The mother's remaining contention is without merit.
MASTRO, J.P., BALKIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court