Matter of Mondelus v Emile (2020 NY Slip Op 02794)





Matter of Mondelus v Emile


2020 NY Slip Op 02794


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2019-02597
 (Docket No. V-7640-09/17J)

[*1]In the Matter of Morales Mondelus, respondent,
v
Tania Emile, appellant.


Marjorie G. Adler, Garden City, NY, for appellant.
Law Office of John M. Zenir, Esq., P.C., Garden City, NY, for respondent.
Mitra K. Zervos, Great Neck, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Sharon N. Clarke, Ct. Atty. Ref.), dated January 18, 2019. The order denied the mother's motion to vacate an order of the same court dated August 27, 2018, upon her failure to appear at a hearing, granting the father's petition to modify an order of the same court dated February 21, 2012, so as to award him sole residential and joint legal custody of the parties' child.
ORDERED that the order dated January 18, 2019, is affirmed, without costs or disbursements.
The father filed a petition to modify an order of custody so as to award him sole residential and joint legal custody of the parties' child. In an order dated August 27, 2018, upon the mother's failure to appear at a hearing, the Family Court granted the father's petition. The mother then moved pursuant to CPLR 5015(a)(1) to vacate that order, arguing that she had a reasonable excuse for her failure to appear in that she had a new baby and was dealing with unspecified family issues, and that she had a potentially meritorious defense to the allegations in the petition. The court denied the mother's motion, and the mother appeals.
"A party seeking to vacate a default [pursuant to CPLR 5015(a)(1)] must establish a reasonable excuse for the default and a potentially meritorious defense" (Matter of Johnson v Lee, 89 AD3d 733, 733; see CPLR 5015[a][1]; Matter of Nwabueze v Okafor, 166 AD3d 780, 781). "The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the Family Court" (Matter of Xiao-Lan Ma v Washington, 127 AD3d 982, 983; see Young Chen v Ruihua Li, 67 AD3d 905, 906). Here, the Family Court providently exercised its discretion in denying the mother's motion, as she failed to establish a reasonable excuse for her failure to appear at the scheduled hearing (see Matter of Strnad v Stevens, 166 AD3d 789, 789; Matter of Nwabueze v Okafor, 166 AD3d at 781; Matter of Xiao-Lan Ma v Washington, 127 AD3d at 983). As the mother did not establish a reasonable excuse for her default, her motion must be denied regardless of whether she presented a potentially meritorious defense (see Matter of Strnad v Stevens, 166 AD3d at 789-790).
The mother's contention that she was deprived of the effective assistance of counsel is without merit. Viewed in totality, the record establishes that the mother received meaningful representation (see Matter of Eltalkhawy v Eltalkhawy, 134 AD3d 707, 708; Matter of Haughton v Tsang, 118 AD3d 883, 884).
BALKIN, J.P., LEVENTHAL, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court