Matter of Justyn H. (Laverne H.) (2021 NY Slip Op 01045)





Matter of Justyn H. (Laverne H.)


2021 NY Slip Op 01045


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-10713
 (Docket Nos. N-5271-17, V-9988-16, V-2939-17)

[*1]In the Matter of Justyn H. (Anonymous). Westchester County Department of Social Services, respondent; Laverne H. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Carlton J. A. (Anonymous), respondent,
and
Laverne H. (Anonymous), appellant. (Proceeding No. 2.)
In the Matter of Laverne H. (Anonymous), appellant,
and
Carlton J. A. (Anonymous), respondent. (Proceeding No. 3.)


Peter D. Herger, White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (David H. Chen of counsel), for respondent in Proceeding No. 1.
Del Atwell, East Hampton, NY, for respondent in Proceeding Nos. 2 and 3.
Rosalie Leslie, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10 and related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), dated August 16, 2019. The order denied the mother's motion to vacate an order of disposition of the same court dated March 14, 2019, which, upon an order of fact-finding dated September 12, 2018, made after a fact-finding hearing, finding that she neglected the subject child, after a dispositional hearing, and upon her failure to appear at the dispositional hearing, awarded sole legal and physical custody of the child to the father.
ORDERED that the order dated August 16, 2019, is affirmed, without costs or disbursements.
In August 2016, the subject child's father filed a petition for sole legal and physical custody of the child. In March 2017, the child's mother filed a petition for sole legal and physical custody of the child. In May 2017, the Westchester Department of Social Services filed a neglect [*2]petition against the mother, alleging, inter alia, that she demonstrated an impairment of parental judgment that placed the child at imminent risk of harm through her maintenance of her housing unit at the Coachman Family Shelter, which contained excessive amounts of clutter and spoiled food. After a fact-finding hearing in the neglect proceeding, the Family Court found that the mother neglected the child. In an order of disposition dated March 14, 2019, upon the mother's failure to appear at the dispositional hearing, the court awarded sole legal and physical custody of the child to the father.
The mother moved pursuant to CPLR 5015(a)(1) to vacate the order of disposition, arguing that she had a reasonable excuse for her failure to appear based upon transit issues, and that she had a potentially meritorious defense to the allegations in the petition. The Family Court denied the mother's motion, and the mother appeals.
A party seeking to vacate a default must establish a reasonable excuse for the default and a potentially meritorious defense (see CPLR 5015[a][1]; Matter of Mondelus v Emile, 183 AD3d 743, 744; Matter of Johnson v Lee, 89 AD3d 733, 733). The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the Family Court (see Matter of Mondelus v Emile, 183 AD3d at 744; Matter of Nwabueze v Okafor, 166 AD3d 780, 781).
Contrary to the mother's contention, she failed to provide a reasonable excuse for her default (see Matter of Destinee L.M.L. [Marlene O.], 165 AD3d 671, 673). Although the mother claimed that she was unable to attend the hearing due to transit delays, she submitted no documentary evidence to substantiate her claim in her affidavit (see Matter of Elysia R.M. [Shamaya M.], 161 AD3d 870, 871). In addition, the mother did not explain her failure to contact her attorney or the court (see Matter of Joshua E.R. [Yolaine R.], 123 AD3d 723, 725). Since the mother did not have a reasonable excuse for her default, this Court need not determine whether she established that she had a potentially meritorious defense (see Matter of Destinee L.M.L. [Marlene O.], 165 AD3d at 673).
The mother's remaining contentions are not properly before this Court.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court