Matter of Virginia H. (Orbach--Marjorie H.) (2021 NY Slip Op 04224)





Matter of Virginia H. (Orbach--Marjorie H.)


2021 NY Slip Op 04224


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-00281
 (Index No. 32550/18)

[*1]In the Matter of Virginia H. (Anonymous). Judah Orbach, etc., respondent; Marjorie H. (Anonymous), appellant.


Blodnick, Fazio & Clark, Garden City, NY (Thomas R. Fazio of counsel), for appellant.
Genser Dubow Genser & Cona LLP, Melville, NY (Dana Walsh Sivak of counsel), for respondent.
Francis X. Moroney, Carle Place, NY, for Virginia H.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81 for the appointment of a guardian for the person and property of Virginia H., an alleged incapacitated person, Marjorie H. appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), dated November 7, 2018. The order, after a hearing, denied Marjorie H.'s motion, inter alia, to vacate a prior order and judgment (one paper) of the same court dated August 6, 2018, appointing a third party as guardian of the person and property of Virginia H., and to appoint Marjorie H. as successor guardian.
ORDERED that the order dated November 7, 2018, is affirmed, with costs.
On or about January 23, 2018, the petitioner, Judah Orbach, Administrator of Glengariff Health Care Center, commenced this proceeding pursuant to Mental Hygiene Law article 81 for the appointment of a guardian for the person and property of Virginia H., an alleged incapacitated person, who is a resident of the petitioner's long-term care facility. Notice of the proceeding was given to, among others, the appellant, who is the daughter of Virginia H.
On February 28, 2018, the Supreme Court conducted a hearing on the petition at which the appellant did not appear. Subsequently, in an order and judgment dated August 6, 2018, upon findings, inter alia, that Virginia H. is an incapacitated person and that the appellant is not fit to serve as guardian, the court granted the petition and appointed a third party as guardian of the person and property of Virginia H.
Thereafter, on or about October 5, 2018, the appellant moved by order to show cause to vacate the foregoing order and judgment, and to appoint her as successor guardian, claiming that she had a reasonable excuse for her failure to appear at the guardianship hearing and that she had a meritorious case as to why she is fit to serve as the guardian. After conducting a hearing, in an order [*2]dated November 7, 2018, the Supreme Court denied the appellant's motion.
"A party seeking to vacate a default must establish a reasonable excuse for the default and a meritorious case" (Matter of Dellagatta v McGillicuddy, 31 AD3d 549, 550 [internal quotation marks omitted]; see CPLR 5015[a][1]). The determination whether to relieve a party of an order/judgment entered on default is a matter left to the sound discretion of the court (see Matter of Dellagatta v McGillicuddy, 31 AD3d at 550; Matter of Fierro v Fierro, 211 AD2d 676, 678).
Here, the Supreme Court providently exercised its discretion in denying the appellant's motion to vacate her default, since she failed to establish a reasonable excuse for her failure to appear at the guardianship hearing (see Campbell v Dutton Stor. Distrib. Co., 240 AD2d 690, 691; Zolov v Donovan, 138 AD2d 484, 484-485; cf. L & Z Masonry Corp. v Mose, 167 AD3d 728; Matter of Sylvia G. [Carniello-Marlowe], 139 AD3d 851, 853). Since the appellant did not establish a reasonable excuse for her default, we need not reach the issue of whether she established her fitness to serve as guardian (see Matter of Mondelus v Emile, 183 AD3d 743, 744).
CHAMBERS, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court