Matter of Dublin v Morris (2024 NY Slip Op 01009)

Matter of Dublin v Morris

2024 NY Slip Op 01009

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

[*1]In the Matter of Standish Dublin, appellant,
v
Lisa Miner Morris, respondent.

Austin I. Idehen, Jamaica, NY, for appellant.
Catherine S. Bridge, Staten Island, NY, for respondent.
Liberty Aldrich, Brooklyn, NY (Leah Edmunds and Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Kings County (Nisha Menon, Ct. Atty. Ref.), dated July 14, 2022, and (2) an order of the same court dated July 26, 2022. The order dated July 14, 2022, upon the father's failure to appear at a fact-finding hearing, dismissed his petition for parental access with the parties' child. The order dated July 26, 2022, denied the father's motion, in effect, to vacate his default in appearing at the fact-finding hearing.
ORDERED that the appeal from the order dated July 14, 2022, is dismissed, without costs or disbursements, except insofar as it brings up for review the denial of the father's attorney's application for an adjournment (see CPLR 5511); and it is further,
ORDERED that the order dated July 14, 2022, is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the order dated July 26, 2022, is affirmed, without costs or disbursements.
In February 2019, the father filed a petition for parental access with the parties' child. On July 14, 2022, the father failed to appear for a fact-finding hearing on his petition. The father's attorney requested an adjournment, but the Family Court denied his request. By order dated July 14, 2022, the court dismissed the father's petition upon his failure to appear at the fact-finding hearing. Subsequently, the father moved, in effect, to vacate his default in appearing at the fact-finding hearing. In an order dated July 26, 2022, the court denied the motion. The father appeals from both orders.
Although the order dated July 14, 2022, was entered upon the father's default, the father may challenge the denial of his attorney's application for an adjournment of the fact-finding hearing since it was the subject of contest below (see Matter of Neferteir A.R. [Jessie R.R.], 221 [*2]AD3d 605, 605; Matter of Daija K.P. [Danielle P.], 129 AD3d 1087, 1087).
Contrary to the father's contentions, the Family Court providently exercised its discretion in denying the father's attorney's application for an adjournment of the fact-finding hearing (see Matter of Demetrious L.K. [James K.], 157 AD3d 796, 796; Matter of Daniel K.L. [Shaquanna L.], 138 AD3d 743, 744).
"'A party seeking to vacate a default must establish a reasonable excuse for the default, as well as a potentially meritorious claim or defense'" (Matter of Timothy R. v Laverne S.G., 172 AD3d 866, 867, quoting Matter of Lemon v Faison, 150 AD3d 1003, 1004; see CPLR 5015[a][1]). "'The determination of whether to relieve a party of an order entered upon that party's default is within the sound discretion of the Family Court'" (Matter of McCall v Gonzalez, 207 AD3d 548, 549, quoting Matter of McKinney v Jones, 151 AD3d 973, 973).
The Family Court providently exercised its discretion in denying the father's motion, in effect, to vacate his default in appearing at the fact-finding hearing, as he failed to provide a reasonable excuse for his failure to appear (see Matter of Justyn H. [Laverne H.], 191 AD3d 877, 878; Matter of Mondeleus v Emile, 183 AD3d 743, 744). Since the father did not provide a reasonable excuse for his default, we need not determine whether he had a potentially meritorious claim (see Matter of Aponte v Jagnarian, 205 AD3d 800, 802).
The father's remaining contentions are without merit.
IANNACCI, J.P., MALTESE, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court