Matter of Martin v Jackman (2026 NY Slip Op 01516)

Matter of Martin v Jackman

2026 NY Slip Op 01516

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
SUSAN QUIRK, JJ.

2025-10309
 (Docket No. F-12447-21)

[*1]In the Matter of Aisha Martin, respondent,
vTerrance Jackman, appellant.

Terrence Jackman, named herein as Terrance Jackman, Brooklyn, NY, appellant pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Melody Glover, J.), dated August 19, 2025. The order denied the father's objections to an order of the same court (Jeffrey J. Estrella, S.M.) dated July 14, 2025, which denied the father's motion pursuant to CPLR 5015(a)(1) to vacate an order of child support of the same court (Jeffrey J. Estrella, S.M.) dated March 14, 2025, made after a hearing and upon the father's default in appearing.
ORDERED that the order dated August 19, 2025, is affirmed, without costs or disbursements.
"A party seeking to vacate a default [pursuant to CPLR 5015(a)(1)] must establish a reasonable excuse for the default and a potentially meritorious defense" (Matter of Mondelus v Emile, 183 AD3d 743, 744 [internal quotation marks omitted]; see CPLR 5015[a][1]). "The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the Family Court" (Matter of Proctor-Shields v Shields, 74 AD3d 1347, 1348).
Here, the Family Court properly denied the father's objections to the Support Magistrate's order denying his motion to vacate an order of child support entered upon his default. As the father was present in court when the hearing on the mother's child support petition was scheduled, his contention that he was not notified of the hearing failed to establish a reasonable excuse for his default (see Matter of Abella v Szileszky, 177 AD3d 729; Matter of Anita J.U. [Jennifer A.], 162 AD3d 780, 781).
Since the father failed to demonstrate a reasonable excuse for his default, we need not consider whether he offered a potentially meritorious defense to the petition (see Sabo v Eisenberg, 243 AD3d 703, 705).
DUFFY, J.P., WOOTEN, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court